# HENRY JAMES WYCHE *v.* STATE OF MARYLAND

[App. No. 89, September Term, 1981.]

*Decided January 5, 1983.*

Before WEANT, BISHOP and GARRITY, JJ.

Submitted by Henry James Wyche, in proper person, applicant.

Submitted by *Stephen H. Sachs, Attorney General,* and *William A. Swisher, State's Attorney for Baltimore City,* for respondent.

GARRITY, J., delivered the opinion of the Court.

On June 26, 1969, Henry James Wyche, the applicant, was convicted by a jury in the Criminal Court of Baltimore (Ross, J.) of rape, assault with intent to rape and assault. On December 3, 1969, the applicant was sentenced to a life term on the rape conviction, a consecutive term of twenty years on the assault with intent to rape conviction, and a five-year sentence for the assault conviction. The five-year sentence was set to run concurrently with the twenty-year sentence. The convictions were affirmed by this Court in an unreported per curiam opinion *Wyche v. State,* No. 578, September Term, 1969, filed November 30, 1970. A petition for writ of certiorari was denied on January 13, 1971, 260 Md. 723 (1971). A further writ of certiorari was denied by the United States Supreme Court on October 12, 1971, 404 U.S. 835 (1971).

On July 20, 1981, the applicant filed his third petition seeking post conviction relief. (Art. 27, Sec. 645A — 645J). The petition was denied by a "Memorandum Opinion and Order" filed October 16, 1981.

In his petition, the applicant contends that he was denied his constitutional right to be present at his trial because he was not present when the trial judge, pursuant to a request by the jury after they had retired to consider the verdict, reinstructed the jury.[1] The hearing judge, citing Art. 27,

---

1. The Court of Appeals in Midgett v. State, 216 Md. 26, 36, 139 A.2d 209 (1958) ruled that the trial judge's reinstructions to the jury constitute a

§ 645A (c), ruled that because the applicant had failed to raise this allegation at his trial, at his direct appeal, or at either of his prior post conviction proceedings, he had waived his right to raise it.

The question presented to us in this application is whether the hearing judge was correct in ruling that the allegation had been waived because of the applicant's failure to have raised it in a prior proceeding.

## I. *Discussion of Law*

Prior to December 18, 1978, it was generally accepted that the waiver rule in post conviction proceedings established by the Maryland Legislature in Art. 27 § 645A (c) provided that "the failure to raise a claim even of constitutional error is presumptively a waiver of that claim". *Curtis v. State*, 37 Md. App. 459, 468, 381 A.2d 1166 (1977), *rev'd* 284 Md. 132, 395 A.2d 464 (1978). Accordingly, courts found waiver to have been effected whenever an allegation had been raised in a petition if the petitioner could have learned about the problem in time to have raised it in a prior direct appeal, post conviction case, or any other previous proceeding actually conducted at which the claim could have been presented.

In *Curtis v. State*, 284 Md. 132, 395 A.2d 464 (1978), the Court of Appeals modified this all inclusive waiver rule and held that the waiver provision of Art. 27, § 645A (c) does not apply to all allegations raised in post conviction actions, but only to "those circumstances where the waiver concept of *Johnson v. Zerbst*, [384 U.S. 458 (1937)] and *Fay v. Noia*, [372 U.S. 391 (1963)] was applicable". *Curtis, supra,* 284 Md. at 132, 149. The concept of waiver established in *Johnson v. Zerbst* has become known as the "intelligent and knowing" relinquishment of a right. *Curtis* created two new questions, *viz:* 1. What are the requirements of an "intelligent and knowing" waiver? and 2. When does the "intelligent and knowing" waiver concept apply?

---

critical stage of the trial which a defendant has a right to attend. See also, Duffy v. State, 151 Md. 456, 135 A. 189 (1926).

Based upon a synthesis of the holdings in *Curtis v. State,* 284 Md. 132, 395 A.2d 464 (1978); *Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979); and *Williams v. State,* 292 Md. 201, 438 A.2d 1301 (1981), the requirement of an "intelligent and knowing" waiver may be found to be satisfied when:

1. The record expressly reflects that the defendant had a basic understanding of the nature of the right which was relinquished or abandoned; and

2. The record expressly reflects acknowledgement that the relinquishment or abandonment of that right was made or agreed to by the defendant.

In *State v. Magwood,* 290 Md. 615, 624, 432 A.2d 446 (1981), the Court held that the "intelligent and knowing" waiver concept was required only where the right being waived was a "fundamental" right.

Fundamental rights have been defined as being, almost without exception, basic rights of a constitutional origin, whether federal or state, that have been guaranteed to a criminal defendant in order to preserve a fair trial and the reliability of the truth-determining process. *Schneckloth v. Bustamonte,* 412 U.S. 218, 236 (1973); *Curtis, supra,* and *Williams, supra.*

Some rights that have been deemed fundamental are: the right to counsel, the right to trial by jury, the right to be properly advised before the acceptance of a guilty plea, the right not to be compelled to give self-incriminating evidence, the right against double jeopardy, *Curtis, supra,* 284 Md. at 142-44, the right to confrontation, the right to a speedy trial, and the right to counsel at a post indictment pre-trial line up. *Schneckloth, supra,* 412 U.S. at 237, 239. In *Curtis,* the Court of Appeals held that the right to effective assistance of counsel at a criminal trial is a fundamental right and that an allegation of error charging a violation of that right may not be waived unless it is found that the petitioner intelligently and knowingly effected such a waiver. In the event, however, that it is determined that a petitioner did intelligently and knowingly waive the right to contest a particular

allegation of error, waiver will not be found if the petitioner can show "special circumstances" excusing the failure to raise the allegation.

If the right alleged to have been violated is a non-fundamental right, waiver will be found if it is determined that the possibility existed for the petitioner to have raised the allegation in a prior proceeding, but he did not do so. This principle was applied in *Davis v. State*, 285 Md. 19, 400 A.2d 406 (1979).

In *Davis,* the trial court gave the jury an improper alibi instruction. The right to have the jury instructed on the law of alibi is a non-fundamental right. Davis failed to object to the trial court's improper instruction. After an unsuccessful direct appeal, Davis filed a post conviction petition. In the petition, he requested that he be granted a new trial because of the trial court's having improperly instructed the jury regarding the law of alibi. The Court of Appeals ruled that by failing to object to the jury alibi instruction at trial, Davis waived his right to pursue the error in a post conviction proceeding.

In summary, therefore, when the court finds that the possibility existed for a petitioner to have previously raised a particular allegation but he did not do so, the allegation will be deemed waived because of the failure to have previously raised it only if the right upon which the allegation is premised is a non-fundamental right. Conversely, if the right upon which the allegation is premised is a fundamental right, the allegation will not be deemed waived simply because it was not raised at a prior proceeding. Fundamental rights as we have said, may be waived only where the petitioner intelligently and knowingly effects the waiver.[2]

---

2. If an allegation concerning a fundamental right has been made and considered at a prior proceeding, a petitioner may not again raise that same allegation in a subsequent post conviction petition by assigning new reasons as to why the right had been violated, unless the court finds that those new reasons could not have been presented in the prior proceeding.

## II. *Application of Law*

We now consider whether, applying the above principles, the applicant's allegation that he was denied his right to be present when the jury was re-instructed was properly deemed to have been waived.

In *State v. Magwood, supra,* 290 Md. 623, footnote 5, the Court observed that the right to be present as recognized in Md. Rule 724 was a right which required, in order for it to be waived, a "knowing" relinquishment by the defendant himself. In other words, the right "to presence" was unqualifiedly recognized as a fundamental one.

On December 28, 1981, however, the Court of Appeals in *Williams v. State, supra,* reclassified the status of the right to be present by deciding that some occurrences which a defendant had a right to attend deserved to be accorded fundamental right status, while other occurrences did not. Under this new classification, which has only prospective application, the right to be present is deemed fundamental if the occurrence involves the right of confrontation or any "other right requiring intelligent and knowing action by the defendant himself for a knowing waiver". The right to be present is non-fundamental if the occurrence does not involve the right of confrontation or any "other right requiring intelligent and knowing action by the defendant himself for an effective waiver". A defendant's right to attend these non-fundamental occurrences may be deemed waived by his inaction "if the defendant himself does not affirmatively ask to be present at such occurrences or does not express an objection at the time, and if his attorney consents to his absence or says nothing regarding the matter". *Williams v. State, supra,* 292 Md. at 220.

Because the applicant's trial was before December 28, 1981, waiver of his right to be present could only have been effected if it had been intelligently and knowingly relinquished. The hearing judge did not decide whether the applicant met this test. Consequently, it is apparent that the

hearing judge's finding of waiver may have been incorrect.[3] We shall remand the case for the hearing judge to reconsider whether applicant's right to be present at his trial was violated.

> *Application for leave to appeal neither granted nor denied.*
> *Case remanded for further proceedings pursuant to this opinion.*

---

**3.** We are not here deciding that the applicant did not waive his right to be present when the jury was re-instructed. We simply hold that the hearing judge's reasons do not support a finding that the required waiver was effected. If, on remand, the hearing judge determines that the applicant intelligently and knowingly waived his right to be present, the allegation may properly be deemed waived. Conversely, if the hearing judge is unable to conclude that such a waiver was effected, the applicant would be entitled to have the allegation considered on its merits in accordance with our decision in Couser v. State, 52 Md. App. 81, 447 A.2d 105 (1982) so as to determine if the error, vel non, was either prejudicial or harmless beyond a reasonable doubt.