533 A.2d 951

**STATE of Maryland**

v.

**Gregory THORNTON.**

**Post Conviction.**

**No. 10 Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Dec. 2, 1987.

248

Kurt L. Schmoke, State's Atty. for Baltimore City, with whom was Gary Schenker, Asst. State's Atty., Baltimore, for applicant.

Submitted before WILNER, BISHOP and ALPERT, JJ.

ALPERT, Judge.

This case presents the question of whether a conviction based upon a guilty plea may be attacked collaterally under Maryland's Post Conviction Procedure Act because of the failure to place on the record a factual basis for the plea. We hold that it may.

## I. Facts

Gregory Thornton pled guilty to an assault charge in the Circuit Court for Baltimore City on February 14, 1985 and was sentenced to ten years' imprisonment. Mr. Thornton made no Application for Leave to Appeal this conviction. On October 29, 1986, however, he filed a Petition for Post Conviction Relief pursuant to article 27, § 645A of the Annotated Code of Maryland, and a hearing was held on January 19, 1987.

In an Order filed February 26, 1987 the court granted Mr. Thornton's Petition on the ground that his guilty plea was unsupported by a statement of facts.[1] A review of the trial transcript revealed the failure to show the existence of a factual basis for the plea.[2] The hearing judge concluded that the absence of a statement of facts resulted in a guilty plea that was accepted "in violation of the Maryland Rules and is ground for post conviction relief," and granted Mr. Thornton a new trial.

The State now seeks leave to appeal this ruling, arguing that the omission was a procedural defect to which Mr. Thornton is bound. *See Curtis v. State*, 284 Md. 132, 150, 395 A.2d 464 (1978) (tactical decisions and legitimate procedural requirements will normally bind a criminal defendant). Citing article 27, § 645A of the Annotated Code of Maryland, the State also argues that a new trial was improperly granted even if the omission "invoked a fundamental right [because Thornton] offered nothing to rebut the presumption that his waiver by procedural default was knowing and voluntary, and offered no 'special circumstances' to overcome the waiver."

---

1. The court also raised a jurisdictional issue which we need not reach.

2. Md.R. 4–242 provides in part:
 (c) **Plea of Guilty.**—The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that ... there is a factual basis for the plea.

We disagree with the State's reasoning and affirm the hearing judge's decision. We address each of the State's arguments in turn.

## II. Nature of the Statement of Facts

Md. Rule 4–242 provides:

(c) **Plea of Guilty.**—The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty.

The Court of Appeals of Maryland has stated that this rule (formerly Md.R. 731c) "is similar to that contained in rules governing the acceptance of guilty pleas in other state jurisdictions and in federal prosecutions under Federal Rule 11." *State v. Priet,* 289 Md. 267, 282, 424 A.2d 349 (1981). Inasmuch as this case presents an issue of first impression, we look to the federal rule, cases and commentary as well as Maryland law for guidance.

Federal Rule of Criminal Procedure 11 provides, in pertinent part:

(c) **Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term....

(d) **Insuring That the Plea is Voluntary.** The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in

open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney. . . .

(f) **Determining Accuracy of Plea.** Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

(g) **Record of Proceedings.** A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

Thus, under both federal and Maryland law, before the court may accept a guilty plea, it must determine on the record that the defendant understands the nature of the charges and the consequences of the plea, that the plea is a voluntary one, and that a factual basis supports the plea.

 A criminal defendant is afforded these protections because "a plea of guilty is 'a grave and solemn act' to be accepted only with care and discernment." 1 Wright & Miller, *Federal Practice & Procedure*, R. 11 (2d ed. 1982) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970)). "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969); *Sutton v. State*, 289 Md. 359, 364, 424 A.2d 755 (1981). The defendant waives several constitutional rights when he pleads guilty.

First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan*, 378 U.S. 1 [84 S.Ct. 1489, 12 L.Ed.2d 653 (1964)]. Second, is the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145 [88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)]. Third, is the right to confront one's accusers. *Pointer v. Texas*, 380 U.S. 400 [85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)].

*Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712; *Sutton*, 289 Md. at 365, 424 A.2d 755. Under the Due Process Clause, a waiver of constitutional rights will be upheld only if it is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). This requirement of what has commonly become known as an "intelligent and knowing" waiver applies to the rights guaranteed a criminal defendant to ensure he receives a fair trial. Inasmuch as a guilty plea constitutes a waiver of the right to a trial, "[g]uilty pleas have been carefully scrutinized to determine whether the accused knew and understood all the rights to which he would be entitled at trial, and that he had intentionally chosen to forgo them." *Schneckloth v. Bustamonte*, 412 U.S. 218, 238, 93 S.Ct. 2041, 2053, 36 L.Ed.2d 854 (1973); *Sutton*, 289 Md. at 365, 424 A.2d 755.

In *McCall v. State*, 9 Md.App. 191, 263 A.2d 19, *cert. den.*, 258 Md. 729 (1970), we restated the premise that "[i]t is fundamentally a basic right that an accused be advised of the nature of the charges against him and of the consequences of a plea of guilty ... and this is implicit in a knowing acceptance by the court of a guilty plea." *Id.* at 196, 263 A.2d 19 (citing *Owens v. State*, 243 Md. 719, 222 A.2d 838 (1966)). In order to assure that this right is not abrogated, the effective acceptance of a guilty plea requires an affirmative showing, on the record, that the plea was entered

 (1) voluntarily—that is not through coercion, terror, inducements, or subtle or blatant threats; and

(2) with an intelligent understanding—that is not through ignorance or incomprehension:

(a) of the nature of the offense; and

(b) of the possible consequences of the plea; and

(3) unconditionally.

*Id.* 9 Md.App. at 195, 263 A.2d 19 (footnote omitted).

A guilty plea that at first glance appears to be voluntary, in fact may not be. Although, as defined in *McCall,* the elements of "voluntariness" and "intelligent understanding" are distinct, these elements are also closely linked. As the Supreme Court explained, "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969).[3] Thus, the defendant must understand not only the nature of the charges, but also that his conduct actually falls within the charge. *Id.* at 467, 89 S.Ct. at 1171; *McCall,* 9 Md.App. at 197, 263 A.2d 19. Otherwise, although the defendant may act without coercion or threats, his decision to plead guilty may not be deemed truly voluntary.

We also concluded in *McCall,* after reviewing the then current Supreme Court *Boykin* decision, that there is a

---

**3.** The "admission" consequence was somewhat qualified the following year in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), when Mr. Justice White, in delivering the opinion for the majority of the Court, said:

An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.... In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.

*Id.* at 37–38, 91 S.Ct. at 167–68.

Thus, in a guilty plea under *Alford,* the defendant, while acknowledging the existence of alleged acts which make up the crime charged, does not admit his participation in those acts.

"constitutional[ ] mandate[ ] that the record affirmatively show that there was a factual basis for the plea." *McCall,* 9 Md.App. at 199, 263 A.2d 19 (citing *Boykin v. Alabama,* 395 U.S. 238, 244 n. 7, 89 S.Ct. 1709, 1713 n. 7, 23 L.Ed.2d 274 (1969)). Thus, "the trial court must determine that the conduct which the defendant admits constitutes the offense charged to which he has pleaded guilty." *Id. See also McCarthy,* 394 U.S. at 467, 89 S.Ct. at 1171.

The factual basis inquiry serves a dual purpose. First, an examination of the law and the acts which the defendant admits he committed "protect[s] a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Id.; McCall,* 9 Md.App. at 199, 263 A.2d 19. Second, the court's exposure of the defendant's state of mind on the record "not only facilitates [the judge's] determination of a guilty plea's voluntariness, but ... also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary." *McCarthy,* 394 U.S. at 467, 89 S.Ct. at 1171. *See also Boykin,* 395 U.S. at 244, 89 S.Ct. at 1712 (adequate record "forestalls the spin-off of collateral proceedings that seek to probe murky memories"); *U.S. v. Dayton,* 604 F.2d 931, 938 (5th Cir. 1979), *cert. den.,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980) (factual basis of a guilty plea must be on the record so that a reviewing court can determine whether an abuse of discretion occurred).

The factual basis requirement is inextricably linked to the voluntariness requirement. In *Carreon v. U.S.,* 578 F.2d 176 (7th Cir.1978), the appellate court found the trial court had violated the factual basis requirement of Rule 11 by relying on counsel's statement that the defendant had been informed about possible defenses. The trial judge did not personally inquire about the underlying facts, but had the charges read from the indictment and asked the defendant only whether he had committed the offenses charged. *Id.* at 178. The appellate court vacated the judgment explain-

ing, "There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." *Id.* at 179 (*citing McCarthy,* 394 U.S. at 470, 89 S.Ct. at 1173) (emphasis in original). The court also reasoned that although *McCarthy* involved a direct appeal, the court's rationale for permitting McCarthy to plead anew was equally compelling in a collateral review such as *Carreon. Id.*

> When the factual-basis requirement is not satisfied, ... the question of voluntariness is left open.... [M]erely ordering a voluntariness hearing is likely to be an ineffectual means of assuring that the defendant's rights were protected when the plea was taken, inasmuch as the defendant's subjective state of mind is crucial and his proof is likely to be "limited to his own plaintive allegations."

*Id.* (*citing McCarthy,* 394 U.S. at 469, 89 S.Ct. at 1172).

More recently, the Supreme Court of Vermont addressed a violation of Vt.R.Crim.Proc. 11, which closely parallels the federal rule. In *In re Dunham,* 144 Vt. 444, 479 A.2d 144 (1984), the court found that the trial record disclosed no factual basis for the wilfulness element of the defendant's guilty plea to second degree murder. *Id.* 479 A.2d at 147. Except for this violation of Rule 11(f) [4], all parts of Rule 11 were complied with. *Id.* at 146. The defendant argued the violation was a "fundamental error resulting in a complete miscarriage of justice," whereas the State argued the error was merely "technical," not requiring reversal in a post-conviction proceeding. *Id.* at 146. (*See United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (Technical violations of Rule 11 are not subject to collateral attacks; such violations are neither constitutional nor jurisdictional and the error resulted in neither a "com-

---

4. Vt.R.Crim.Proc. 11(f) provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter judgment upon a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

plete miscarriage of justice" nor in a proceeding "inconsistent with the rudimentary demands of fair procedure."). The *Dunham* court reasoned:

> Since the defendant's understanding of the elements of an offense as applied to the facts goes directly to the voluntariness of his plea, the record must affirmatively show sufficient facts to satisfy each element of an offense. The requirement of Vt.R.Cr.P. 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court. Absent this, no matter how perfectly the other parts of Rule 11 have been observed, we cannot find a voluntary plea.

*In re Dunham*, 479 A.2d at 148. The court, therefore, vacated the defendant's sentence, explaining that to allow the plea to stand "would work a complete miscarriage of justice." *Id.*

■ Three generally accepted methods of establishing a factual basis for a guilty plea in federal and state courts are: inquiry of the defendant, inquiry of the prosecutor, or examination of the presentence report. J.L. Barkai, "Accuracy Inquiry for all Felony And Misdemeanor Pleas; Voluntary Pleas But Innocent Defendants?", 126 U.Pa.L.Rev. 88, 118 (1977). This list is not exhaustive, however, and courts may evaluate and select an appropriate method on a case-by-case basis.

Typically, a factual basis is not adequately established by a simple inquiry as to whether a defendant is pleading guilty or whether he committed the crime as charged. If the judge includes a terse layman's description of the offense charged, however, and the accused acknowledges such conduct, a sufficient factual basis is established, according to several jurisdictions. Elsewhere this practice has been disparaged as inadequate.

Although the accused is typically interrogated by the judge, some courts allow the defense attorney or the prosecutor to conduct the questioning. The testimony of these attorneys has also been accepted in some states as

a source of the factual basis, provided the defendant is present. A prosecutor's testimony usually consists of a summary of the evidence he expects to present at trial. This method of establishing a guilty plea's accuracy has been limited at times, however, by requirements that a prosecutor supply concrete facts rather than merely assert that a factual basis exists, and that the truth of the evidence thus summarized be confirmed by the defendant.

Another source of information as to a guilty plea's factual basis is the testimony of witnesses before the judge at the plea hearing, through formal written statements, or by transcripts from grand jury or preliminary hearing proceedings. In addition, some states allow the factual basis to be established by probation or presentence reports, charging documents, or "any appropriate procedure." Despite the diversity of methods for the accuracy inquiry, many states agree that it need not be conducted at the time of the plea, but may occur any time prior to sentencing.

*Id.* at 121–22 (footnotes omitted).

As one commentator observed shortly after *Boykin* and *McCarthy* were decided, "the question will soon arise whether the due process clause also 'incorporates' the last provision of the rule—that the judge be 'satisfied that there is a factual basis for the plea.' . . . Under rule 11, the judge is expected to inquire of the defendant or the government attorney or to examine the presentence report in order to determine what facts the defendant admits and assess their relation to the law. It may be that such a process is now also required by the Constitution." "The Supreme Court, 1968 Term," 83 Harv.L.Rev. 7, 185 (1969).

 We conclude that the statement of facts is indispensible to the court's finding of voluntariness on the defendant's part and to the court's own determination that a factual basis supports the guilty plea. We hold that the omission of a statement of facts violates the essence of the due process protections afforded a criminal defendant. It is

not a procedural defect, therefore, but is a denial of a fundamental right.

### III. Waiver of the Right

Next, the State argues that even if, as we hold, the defendant has a fundamental right to a statement of facts, the right was waived pursuant to article 27, § 645A of the Maryland Code.

In *Curtis v. State,* 284 Md. 132, 395 A.2d 464 (1978), the Court of Appeals construed subsection (c) of Maryland's Post Conviction Procedure Act, Md.Ann.Code art. 27, § 645A "Right of appeal of convicted persons." Subsection (c) deals with waivers and is erroneously interpreted by the State in this appeal. Subsection (c) provides:

(c) *When allegation of error deemed to have been waived.*—For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

When an allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation.

The *Curtis* court summarized the "waiver rule" as follows:

[W]here the petitioner establishes that he did not in fact intelligently and knowingly fail to raise an issue previously, such issue cannot be deemed to have been waived. He need not, in addition, establish "special circumstances." It is only where the petitioner in fact intelligently and knowingly failed to raise an issue, or where he is unable to rebut the presumption of an intelligent and knowing failure that he must show "special circumstances" in order to excuse his failure.

*Curtis,* 284 Md. at 140, 395 A.2d 464. The court explained further, however, that the "waiver rule," requiring an "intelligent and knowing" failure to raise an issue, does not govern every situation where the possibility existed for an allegation of error to have been raised in a prior proceeding. *Id.* at 141, 395 A.2d 464. The court reviewed numerous cases [5] and concluded that, by failing to raise an issue earlier, a criminal defendant may be precluded from asserting "a broad spectrum of rights which are deemed to fall within the category of tactical decisions by counsel or involve procedural defaults." *Id.* at 147, 395 A.2d 464. This waiver of tactical decisions and procedural errors operates even in the absence of an "intelligent and knowing"

---

**5.** The court discussed the following cases as examples of situations where a *Johnson v. Zerbst* "intelligent and knowing" waiver is not required: *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (consent to a search valid despite defendant's lack of knowledge of the right to refuse); *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (defendant's failure to object to being tried in his jail clothes held waived); *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) (defendant held bound by his attorney's tactical decision to call a particular witness); *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) (failure to object to the racial composition of the *federal* grand jury); *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) (failure to object to the racial composition of the *state* grand jury). *Curtis,* 284 Md. at 145–47, 395 A.2d 464. *See also United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (no basis for a collateral attack because acceptance of guilty plea without informing defendant of a mandatory special parole term was a "formal violation" of Rule 11 that did not result in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure").

decision by the defendant. *Id.* The court reasoned, under basic principles of statutory construction, that the Legislature used the term "waiver" in a narrow sense, and intended subsection (c) to apply only where federal case law required an "intelligent and knowing" waiver. *Id.* at 149, 395 A.2d 464, citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

On the other hand, the *Curtis* court identified the following as constitutionally protected fundamental rights that do require an "intelligent and knowing" waiver to be valid: the right to counsel (*Johnson v. Zerbst, supra* ); the right to trial by jury (*Adams v. U.S.,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)); the privilege against self-incrimination (*Emspak v. U.S.,* 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997 (1955)); the protections under the Double Jeopardy Clause (*Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); prohibition against the use of a coerced confession (*Fay v. Noia, supra* ). *Curtis,* 284 Md. at 143–44, 395 A.2d 464. The court also cited from *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962):

> Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.

*Curtis,* 294 Md. at 143, 395 A.2d 464.

Subsequent to *Curtis,* the Court of Appeals held that the "intelligent and knowing" standard does not apply to a failure to object to an incorrect jury instruction on an alibi defense, *Davis v. State,* 285 Md. 19, 400 A.2d 406 (1979). In *Williams v. State,* 292 Md. 201, 438 A.2d 1301 (1981), however, the court did recognize as fundamental the defendant's right to be present in person at the trial to confront witnesses. The court reasoned that because the defendant's Sixth Amendment rights were involved, an "intelligent and knowing" waiver was required. *Id.* at 219, 438 A.2d 1301.

*Wyche v. State*, 53 Md.App. 403, 454 A.2d 378 (1983), involved a post-conviction proceeding in which this court reviewed *Curtis* and its progeny. Summarizing the waiver rule, we stated:

> [W]hen the court finds that the possibility existed for a petitioner to have previously raised a particular allegation but he did not do so, the allegation will be deemed waived because of the failure to have previously raised it only if the right upon which the allegation is premised is a non-fundamental right. Conversely, if the right upon which the allegation is premised is a fundamental right, the allegation will not be deemed waived simply because it was not raised at a prior proceeding. Fundamental rights as we have said, may be waived only where the petitioner intelligently and knowingly effects the waiver.

*Id.* at 407, 454 A.2d 378 (footnote omitted).

## IV. Application of Law to This Case

The record in the case *sub judice* reveals the following colloquy at the proceedings in the Circuit Court for Baltimore City:

> MR. SCHENKER [Assistant State's Attorney]: Judge, calling the case of Gregory Thornton, 48501714 and 16. Your Honor, this is an assault by shooting. We have independent witnesses as well as recovery of the gun, and spent projectiles.
>
> MS. SHEPERD: Bridget Sheperd, Assistant Public Defender on behalf of Mr. Thornton. Mr. Thornton is currently doing a ten-year sentence in the Department of Correction.... [Addressing the defendant] I've explained to you before, the State is offering you ten-months concurrent starting from today. I'm sorry, ten years, ten years from today concurrent with your present sentence.... Understanding that, do you wish to enter a guilty plea? What do you want him to plead to?
>
> MR. SCHENKER: One assault would be fine.
>
> MS. SHEPERD: In return for a plea to assault, do you wish to do that or rather have a jury trial?

MR. THORNTON: I wish to do that.

The defendant was then sworn and "qualified" by defense counsel. He testified that he understood that by pleading guilty he was giving up his right to a trial, to confront the State's witnesses, and other related constitutional rights. The examination by Ms. Sheperd concluded as follows:

Q And you understand, sir, that when you plead guilty, you only get four limited grounds to appeal, jurisdiction, legality of sentence, competency of counsel, and voluntariness of the plea; do you understand that?

A Yes.

Q Understanding all the rights that you are giving up, do you wish to enter a guilty plea?

A Yes.

MS. SHEPERD: I believe he is qualified, Judge.

THE COURT: Accept the plea, impose the sentence as agreed upon, ten years to the Department of Correction to commence today concurrent with any existing sentence....

■ Establishing a factual basis for the defendant's guilty plea does not require "a litany or other ritual which can be carried out only by word-for-word adherence to a set 'script.'" Fed.R.Crim.Proc. 11, Notes of Advisory Committee on Crim. Rules; *see also State v. Priet*, 289 Md. 267, 275–77, 424 A.2d 349 (1981). An inquiry may be made of the defendant, of the attorneys, or by whatever means is appropriate in a specific case. The inquiry, however, must be sufficient to develop the underlying facts from which the court will determine whether the conduct which the defendant admitted constituted the offense to which he has pled guilty. *Priet*, 289 Md. at 279, 424 A.2d 349. As the court explained in *Priet:*

[B]y its express terms, the rule mandates that a guilty plea not be accepted unless it is determined by the court, after questioning of the defendant on the record, that the accused understands the "nature" of the charge. This, of course, is an essential requirement of the rule and must

be applied in a practical and realistic manner. It simply contemplates that the court will explain to the accused, in understandable terms, the nature of the offense to afford him a basic understanding of its essential substance, rather than of the specific legal components of the offense to which the plea is tendered. The nature of some crimes is readily understandable from the crime itself. Necessarily, the required determination can only be made on a case-by-case basis, taking into account the relevant circumstance in their totality as disclosed by the record, including, among other factors, the complexity of the charge, the personal characteristics of the accused, *and the factual basis proffered to support the court's acceptance of the plea.*

*Id.* at 288, 424 A.2d 349 (emphasis added).

The record in this case is devoid of any discussion concerning the nature of the charge, the facts of the case, or the defendant's understanding of the relationship between the two. Nor did either counsel proffer any facts as to what the State, given the opportunity, would prove. Thornton's plea, therefore, "could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense [because he did not] receive 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' " *Priet,* 289 Md. at 280–81, 424 A.2d 349 (quoting *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976); *Smith v. O'Grady,* 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941)).

 In *Wyche v. State,* 53 Md.App. 403, 406, 454 A.2d 378 (1983), we posited the following two-prong test to determine if the requirement for an "intelligent and knowing" waiver is satisfied:

 1. [Whether] the record expressly reflects that the defendant had a basic understanding of the nature of the right which was relinquished or abandoned; and

2. [Whether] the record expressly reflects acknowledgement that the relinquishment or abandonment of that right was made or agreed to by the defendant.

Applying this test to the instant case, we must answer both prongs in the negative. With the omission of the most basic information—the statement of facts—Thornton could not have been "properly advised" before his guilty plea was accepted. *See Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962); *Wyche*, 53 Md.App. at 406, 454 A.2d 378. We conclude, therefore, that the omission of a statement of facts constituted the denial of a fundamental right for which there was no voluntary, knowing and intelligent waiver. We hold that the factual basis for the guilty plea must be stated on the record in open court, and the defendant, at minimum, must acknowledge that he has heard the recited facts.[6]

We take this opportunity to reiterate the Supreme Court's admonition:

First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determina-

---

**6.** We note that the *Maryland Trial Judges' Benchbook* provides a model spoken form "for acceptance of guilty plea to serious charge" and suggests the following for determination of the factual basis for the plea:

> The judge should ask the State's Attorney to read into the record the facts upon which the State contends that the defendant is guilty. The judge should ask the defendant and defense counsel: Do you agree that the State could prove the aforementioned facts if the State's Attorney put the State's live witnesses on the stand? The judge should then make a finding on the record and state that there are sufficient facts to prove that the defendant is guilty beyond a reasonable doubt and to a moral certainty.

*Md. Trial Judges' Benchbook*, § 1–407, CR–35 (1985). A defendant's affirmative response to the prosecutor's question would not constitute an "admission of guilt" and, thus, would not run afoul of *Alford v. North Carolina*. *See* n. 3, *supra*.

tion. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

*McCarthy*, 394 U.S. at 465, 89 S.Ct. at 1170.

APPLICATION FOR LEAVE TO APPEAL DENIED.