837 A.2d 238

**STATE of Maryland**

v.

**Rosendo GUTIERREZ.**

**No. 415, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

Dec. 2, 2003.

464

Sarah Page Pritzlaff (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for Appellant.

Bradford C. Peabody (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellee.

Argued before: DEBORAH S. EYLER, KRAUSER, and GREENE, JJ.

GREENE, Judge.

This appeal arises from the conviction of Rosendo Gutierrez for second degree sexual offense. Gutierrez, appellee, entered an *Alford*[1] plea to one count of a fourteen count indictment on April 30, 1990, in the Circuit Court for Anne Arundel County (Silkworth, J., presiding). On July 7, 1999, Judge Silkworth sentenced appellee to twenty years, with all but ten years suspended, and five years probation upon release. Gutierrez

---

[1] *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

did not file an application for leave to appeal from the *Alford* plea.

On October 22, 2002, Gutierrez filed a petition for post conviction relief in the Circuit Court for Anne Arundel County. He argued that his plea was accepted in violation of the federal Constitution. Specifically, he asserted that he was not advised of his privilege against self-incrimination pursuant to the Fifth Amendment, and his right to confront his accusers pursuant to the Sixth Amendment. A hearing on the matter was held on March 7, 2003, before another member of the bench. In a written Memorandum Opinion and Order dated March 12, 2003, the post conviction judge granted relief and ordered a new trial.

The State filed an application for leave to appeal from the grant of post conviction relief. We granted the application on June 24, 2003, and transferred the matter to the regular appeal docket.

### Issue

We asked the parties to brief and argue the first question presented, and appellant presents the second question for our review:

1. Should Gutierrez's allegation regarding a defective guilty plea be deemed waived?

2. Did Gutierrez knowingly and voluntarily enter a guilty plea?

In regard to the first question presented, we hold that appellee waived his right to challenge his plea by failing to file for leave to appeal from the entry of the guilty plea. In addition to the waiver question, and in the exercise of our *de novo* review, we find that appellee entered the plea knowingly and voluntarily.

### Facts

Appellee entered his *Alford* plea based on an agreed statement of the facts read into the record by the State's Attorney. The State proffered the following facts: On more occasions

than the victim can remember between September 12, 1986, and September 11, 1990, while the victim was between the age of seven and ten years of age, appellee sexually assaulted her.[2] Specifically, appellee would ask the victim to bring alcoholic beverages to his bedroom.[3] Once in the room, appellee would ask the child to lay next to him in his bed. On some occasions appellee would undress the child. On other occasions, because it happened so often, she would automatically undress herself. Appellee would then fondle her breasts, vagina, and buttocks with his hands or his penis. At various times, appellee performed cunnilingus on the victim, attempted to force her to perform fellatio on him, inserted his fingers or his penis into the child's anus, placed his fingers inside the child's vagina, and he would have her masturbate him to the point of ejaculation. These events occurred in appellee's bedroom, the victim's bedroom, the bathroom, and on family vacations.

If called to testify, the victim would have stated that the abuse made her feel dirty and ashamed. She would also testify that she felt that if she complied with his demands that he would not abuse her sister. The court found that the statement of facts was sufficient to support the plea and entered a verdict of guilty. Sentencing was deferred until July 7, 1999.

On October 22, 2002, appellee filed a petition for post conviction relief claiming he was not advised by the trial court of his privilege against self-incrimination and his right to confront his accusers. A hearing on the petition was held on March 7, 2003. During the hearing, appellee testified that he did not recall being advised of his rights on the record. He stated that he had entered the *Alford* plea because he was guilty of some of the charges but denied some of the other

---

**2.** Due to the nature of the allegations and the victim's age, we will refrain from using her name and instead refer to her as "the victim" or "the child."

**3.** The record does not indicate the relationship between appellee and the victim, although it does indicate that they lived in the same house and went on family vacations together.

charges. He also testified that he told his trial counsel that he did not want a trial because "[he] was aware that [he] was guilty. And [he] didn't want to bring the victims into a trial or anything like that[.]"

The State called Gregory Walters, appellee's trial attorney, to testify. Mr. Walters testified that it was his policy in the 200–300 cases that he handled as an assistant public defender to go through the defendant's rights at the first meeting. Specifically, he said:

> As a matter of practice on any first meeting with any client who is accused of a criminal matter, I went through their rights. Their right to a trial and a jury trial. Their right against self-incrimination. Any potential defenses they may have. Their understanding of the charges against them. And then, eventually, to the facts of—the specific facts of the matter.

With regard to appellee's right to testify or not to testify, Mr. Walters advised appellee:

> That he has an absolute right not to testify on his own behalf under the Fifth Amendment. That that right can— he can waive that right. But by invoking that right that cannot be used against him by either the judge or a jury to determine his guilt or innocence.

Mr. Walters also testified that he went through the rights litany with appellee at their first meeting, at a subsequent meeting regarding the State's offer, and again in the "bull pen" before coming to court to make the *Alford* plea.

On March 12, 2003, the circuit court ruled in a Memorandum Opinion and Order that Gutierrez had not voluntarily entered his plea because he was not fully advised on the record of his constitutional rights, and, therefore, did not knowingly and intelligently waive those rights. The court ordered a new trial. The State subsequently filed an application for leave to appeal from that decision. On June 24, 2003, we granted leave to appeal and transferred the case to the regular appeal docket.

**470**

■ In *Harris v. State*, 303 Md. 685, 697–98, 496 A.2d 1074 (1985), the Court of Appeals summarized our standard of review of claims based on constitutional rights. The Court said:

> When a claim is based upon a violation of a constitutional right it is our obligation to make an independent constitutional appraisal from the entire record. *Davis v. North Carolina*, 384 U.S. 737, 741–742, 86 S.Ct. 1761, 1764, 16 L.Ed.2d 895 (1966); *Watson v. State*, 282 Md. 73, 84, 382 A.2d 574, *cert denied*, 437 U.S. 908, 98 S.Ct. 3100, 57 L.Ed.2d 1140 (1978). But this Court is not a finder of facts; we do not judge the credibility of the witnesses nor do we initially weigh the evidence to determine the facts underlying the constitutional claim. It is the function of the trial court to ascertain the circumstances on which the constitutional claim is based. So, in making our independent appraisal, we accept the findings of the trial judge as to what are the underlying facts unless he is clearly in error. We then re-weigh the facts as accepted in order to determine the ultimate mixed question of law and fact, namely, was there a violation of a constitutional right as claimed. *Walker v. State*, 12 Md.App. 684, 691–695, 280 A.2d 260 (1971); *Dennis v. Warden*, 6 Md.App. 295, 315, 251 A.2d 909, *cert. denied*, 255 Md. 740 (1969).

Applying the principles outlined in *Harris*, we turn to the issues presented.

**Waiver of a Fundamental Right**

The first issue presented is whether appellee waived his right to challenge his conviction pursuant to the Uniform Postconviction Procedure Act, Md.Code (2001) § 7–101 et seq. of the Criminal Procedure Article, by failing to raise the issues in an application for leave to appeal his *Alford* plea to this Court.

The State raised the issue of waiver in its answer to the petition for post conviction relief but did not argue the issue

before the post conviction court. At oral argument before this Court, the State conceded that it had not pursued the issue before the circuit court judge and made no argument regarding the issue being raised in its answer. Despite this Court's request that the parties brief and argue the issue of waiver, appellee did not address this issue.[4] We elect, however, because of the importance of the issue and the desire to guide future trial courts, to address the matter pursuant to our authority under Maryland Rule 8–131(a). *See also Conyers v. State,* 367 Md. 571, 790 A.2d 15 (2002)(discussing the Court's authority to address issues not argued at the trial level).

The issue of waiver in a post conviction proceeding has been discussed on a number of occasions by the Maryland Appellate Courts. See *McElroy v. State,* 329 Md. 136, 145–49, 617 A.2d 1068 (1993); *State v. Magwood,* 290 Md. 615, 624, 432 A.2d 446 (1981); *Curtis v. State,* 284 Md. 132, 149–50, 395 A.2d 464 (1978); *State v. Thornton,* 73 Md.App. 247, 261, 533 A.2d 951 (1987); *Wyche v. State,* 53 Md.App. 403, 405–06, 454 A.2d 378 (1983). The facts sufficient to prove that a right has been waived differ depending on whether the issue being raised relates to a fundamental right. Fundamental rights are "basic rights of constitutional origin, whether federal or state, that have been guaranteed to a criminal defendant in order to preserve a fair trial and the reliability of the truth-determining process." *Wyche,* 53 Md.App. at 406, 454 A.2d 378 (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 236, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).

A non-fundamental right will be deemed waived by a showing that the defendant had an opportunity to raise the issue in a prior proceeding but failed to do so. *Wyche,* 53 Md.App. at 407, 454 A.2d 378 (citing *Davis v. State,* 285 Md. 19, 400 A.2d 406 (1979)). A fundamental right, however,

---

4. In his brief, appellee does not address the issue of waiver. Instead he restates the basis for post conviction relief pursuant to the statute and argues that he is entitled to relief. No mention was made of the waiver provision of the statute and beyond a citation to compare *Boykin v. Alabama* with *McElroy v. State,* appellee ignored the waiver issue.

requires a determination that the failure to raise the issue in a prior proceeding was "intelligent and knowing." *Curtis v. State,* 284 Md. 132, 149–50, 395 A.2d 464 (1978); *State v. Thornton,* 73 Md.App. 247, 261, 533 A.2d 951 (1987). In *Wyche,* this Court summarized the waiver rule. We wrote:

When the court finds that the possibility existed for a petitioner to have previously raised a particular allegation but he did not do so, the allegation will be deemed waived because of the failure to have previously raised it only if the right upon which the allegation is premised is a non-fundamental right. Conversely, if the right upon which the allegation is premised is a fundamental right, the allegation will not be deemed waived simply because it was not raised at a prior proceeding. Fundamental rights as we have said, may be waived only where the petitioner intelligently and knowingly effects the waiver.

53 Md.App. at 407, 454 A.2d 378.

■■■ A waiver of a constitutional right is "intelligent and knowing" when it is " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Thornton,* 73 Md. App. at 253, 533 A.2d 951 (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). We discussed the requirements of an "intelligent and knowing" waiver in *Wyche v. State,* 53 Md.App. 403, 454 A.2d 378 (1983). We concluded that a waiver is "intelligent and knowing" when:

1. The record expressly reflects that the defendant had a basic understanding of the nature of the right which was relinquished or abandoned; and

2. The record expressly reflects acknowledgment that the relinquishment or abandonment of that right was made or agreed to by the defendant.

*Id.* at 406, 454 A.2d 378.

■■■ Appellee based his motion for post conviction relief on the failure of the trial court to advise him of his privilege against self-incrimination and the right to confront his accusers. These two rights are clearly fundamental. The issue this Court must resolve is whether appellee made an "intelli-

gent and knowing" waiver of his right to complain about the denial of fundamental rights by failing to file an application for leave to appeal his *Alford* plea.

 By its terms the Uniform Postconviction Procedure Act provides that "an allegation of error is waived when a petitioner could have made but intelligently and knowingly failed to make the allegation ... in an application for leave to appeal a conviction based on a guilty plea." Md.Code (2001), § 7–106(b)(1)(i)(4) of the Criminal Procedure Article. "When a petitioner could have made an allegation of error at a proceeding set forth in paragraph (1)(i) of this subsection but did not make an allegation of error, there is a rebuttable presumption that the petitioner intelligently and knowingly failed to make the allegation." *Id.* at § 7–106(b)(2). In the event that a petitioner fails to make the allegation of error, the failure "shall be excused if special circumstances exist." *Id.* at § 7–106(b)(1)(ii)(1). The burden of proving the special circumstances is on the petitioner. *Id.* at § 7–106(b)(1)(ii)(1). Furthermore, in the case of applications for leave to appeal a conviction based on a guilty plea, the waiver provisions apply whether or not an application was filed. *McElroy,* 329 Md. at 149, 617 A.2d 1068 (Bell, C.J. and Chasanow, J. dissenting). *See also State v. Hernandez,* 344 Md. 721, 727–28, 690 A.2d 526 (1997)(*Hernandez* is distinguishable from the case *sub judice* and *McElroy* because neither Gutierrez nor McElroy filed applications for leave to appeal, whereas Hernandez did).

In *State v. Thornton,* 73 Md.App. at 258, 533 A.2d 951, quoting from the Court of Appeals in *Curtis v. State,* 284 Md. at 140, 395 A.2d 464, we discussed the interplay of the waiver sections:

"Where the petitioner establishes that he did not in fact intelligently and knowingly fail to raise an issue previously, such issue cannot be deemed to have been waived. He need not, in addition, establish 'special circumstances.' It is only where the petitioner in fact intelligently and knowingly failed to raise an issue, or where he is unable to rebut the presumption of an intelligent and knowing failure that he

must show 'special circumstances' in order to excuse his failure."

We conclude from the record that appellee failed to carry his burden of showing that he had not intelligently and knowingly waived his right to raise the issues presented by application for leave to appeal his plea. *See McElroy,* 329 Md. at 147–49, 617 A.2d 1068 (comparing the proffered evidence in *Curtis,* 284 Md at 135–36, 395 A.2d 464, which satisfied the "intelligent and knowing" presumption with McElroy who failed to rebut the presumption).

In the "Statement of Non-waiver" section of appellee's petition for post conviction relief, appellee states: "The petitioner has not knowingly and intelligently waived the fundamental rights which are at issue in the allegations made in this petition. The Petitioner has not previously had an opportunity to raise the issue of the fundamental rights." Appellee, however, failed to supply any facts to support this general statement. The record, in fact, is devoid of any explanation as to why appellee did not file an application for leave to appeal his plea but instead waited over three years to file a post conviction petition.

Contrary to excusing appellee's failure to raise the issues by application for leave to appeal, the record indicates that appellee was informed of his appellate rights by the trial court. Judge Silkworth informed appellee:

THE COURT: You are limiting your right of appeal as well. When you plead guilty you don't—you don't have an absolute right to appeal. Your appellate right is limited and the Court of Special Appeals would have to be asked by you to grant leave for an appeal and they would only look at four areas. One is jurisdiction of the court. Two is whether your plea is knowingly entered into and voluntarily entered into. Three is whether you were provided with competent counsel. You told me you were, is that correct?

APPELLEE: Yes.

THE COURT: And four is whether or not any sentence I impose is legal. I can impose a sentence up to the maxi-

mum provided by statute, in this case twenty years. That would be legal, do you understand that?

APPELLEE: Yes, I do, your honor.

The court then asked:

THE COURT: All right, based on everything I've said to you, do you have any questions?

APPELLEE: None.

THE COURT: Do you wish to go forward with this plea?

APPELLEE: Say that again?

THE COURT: Do you wish to go forward with this plea?

APPELLEE: Yes, your honor.

It appears, based on the record, that there is no explanation as to why the issues were not raised on appeal. The statute provides that there is a rebuttable presumption that waiver of a fundamental right was made intelligently and knowingly. The burden is on the petitioner to rebut the presumption. We conclude that appellee has failed to rebut the presumption and his failure to do so is not excused by special circumstances. Therefore, post conviction relief should have been denied because appellee waived his right to post conviction relief on the stated grounds. We will, however, discuss the merits of the case because of the failure of the parties to argue the waiver issue before the circuit court judge.

### Knowingly and Voluntarily

Appellant contends that the circuit court erred in concluding that appellee did not enter a knowing and voluntary *Alford* plea because he was not specifically advised of his right against self-incrimination and right of confrontation. We agree that the post conviction judge erred in concluding that appellant did not enter a knowing and voluntary plea.

██ The United States Supreme Court has stated that the test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27

L.Ed.2d 162 (1970). *See also Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The Court of Appeals in *Davis v. State,* 278 Md. 103, 361 A.2d 113 (1976), followed the rationale of these rulings and noted that a trial court does not have to "specifically enumerate certain rights, or go through any particular litany, before accepting a defendant's guilty plea." *Id.* at 114, 361 A.2d 113. The Court concluded that review is limited to whether the record affirmatively discloses that the accused entered the plea voluntarily and knowingly. *Id.*

These decisions are further mirrored in the Maryland Rules regarding the acceptance of guilty pleas and waivers of rights to jury trials. Maryland Rule 4–242 provides in its pertinent part:

(c) *Plea of guilty.* The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea.

Similarly, Rule 4–246, governing waiver of jury trials, requires a court to find that the waiver is made knowingly and voluntarily before it is accepted. We, therefore, are faced with the question of whether the record demonstrates that appellee voluntarily and knowingly entered into the *Alford* plea.

Maryland precedent affirmatively provides that trial courts are not forced to use any magic words or phrases in explaining the consequences of a guilty plea. We have previously held in *Robinson v. State,* 67 Md.App. 445, 508 A.2d 159 (1986), that due process does not require a court to specifically state that a verdict must be beyond a reasonable doubt. In turn, the Court of Appeals in *State v. Bell,* 351 Md. 709, 720 A.2d 311 (1998), has similarly noted that a trial court is not required to

instruct a defendant that jurors must reach a unanimous decision as to the defendant's guilt. Furthermore, the Court in *State v. Priet*, 289 Md. 267, 424 A.2d 349 (1981), has noted that a judge is not required to articulate the constitutional rights being waived by the entry of a guilty plea. *Id.* at 289, 424 A.2d 349. These cases reaffirm that no set litany is required by the trial court.

The post conviction court in the case *sub judice*, relying on *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that the constitutional rights of self-incrimination, jury trial, and confrontation must be affirmatively waived. Furthermore, that waiver of these rights may not be presumed from a silent record. The court then concluded that because appellee was not specifically advised of two of these rights on the record, he was entitled to post conviction relief.

As discussed above, however, the Maryland courts have determined that *Boykin* does not mandate an express litany of rights. *See Davis*, 278 Md. at 114, 361 A.2d 113. Rather, the review is limited to whether the record affirmatively discloses that the accused entered the plea voluntarily and knowingly. *Id.*

▮ The Court of Appeals defined the meaning of knowledge in *Bell.* The Court stated:

"Knowledge," in this context means "acquaintance" with the principles of a jury and "knowingly" means acting consciously or intentionally in waiving the right to a jury. *See* BLACK'S LAW DICTIONARY 872 (6th ed. 1990); RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 573 (unabr. ed. 1983) 793. Because respondent's knowledge no longer need be "full," it need not be "complete" or "entire." *See* BLACK'S LAW DICTIONARY, at 672, RANDOM HOUSE DICTIONARY, at 573.

*Bell,* 351 Md. at 730, 720 A.2d 311. In order to properly adduce whether a plea was given voluntarily and intelligently, we must view the "totality of the circumstances" surrounding each case. *Bell,* 351 Md. at 730, 720 A.2d 311; *State v. Hall,* 321 Md. 178, 182–83, 582 A.2d 507 (1990); *Martinez v. State,*

309 Md. 124, 134, 522 A.2d 950 (1987); *Priet,* 289 Md. at 288, 424 A.2d 349. As the Court noted in *Priet,* 289 Md. at 282, 424 A.2d 349, "[t]he responsibility of a judge varies depending upon such circumstances as the complexity and comprehensibility of the indictment and the defendant's intelligence, education, age, and experience."

We find that the post conviction court incorrectly identified the standard for making a knowing and intelligent guilty plea. As discussed previously, the court determined that case law required a defendant to be advised on the record of certain constitutional rights, including the ones raised by appellee, before a plea of guilty could be accepted. Based on this standard, the court correctly found that appellee was not advised on the record of his rights of confrontation and against self-incrimination. This, however, is not the proper standard. Therefore, the post conviction court erred in not considering the testimony of appellee's trial counsel and appellee himself. Viewing the record from a totality of the circumstances standard, we conclude that appellee did voluntarily and knowingly enter his *Alford* plea.

We note that this is not the situation where the trial court performed a cursory inquiry into a defendant's desire to enter an *Alford* plea. The trial court questioned appellee for seven pages of transcript establishing that appellee was educated, understood the charges against him, understood his right to plead not guilty and go to trial, and was entering his plea free of any threats or promises. Admittedly, the trial court did not specifically advise appellee of his rights against self-incrimination and confrontation. The trial court did explain that appellee was waiving his right to a "contested" trial. Whether the discussion of a "contested" trial, however, is sufficient to establish a finding that appellee was acquainted with the principles of a trial, and by association the rights incident thereto, we need not decide. We find that the trial court's inquiry, coupled with the testimony of Mr. Walters and appellee at the post conviction hearing, sufficiently established that appellee voluntarily and knowingly entered his plea.

As discussed above, Mr. Walters testified that he advised appellee of his constitutional rights on three separate occasions, including immediately before going to court to enter the plea. Additionally, he testified that appellee had informed him from their first meeting that he did not want a trial because he did not want the girls to have to testify.

Appellee's testimony corroborated the account of the attorney. He testified that he did not want a trial because "[he] was aware that [he] was guilty. And [he] didn't want to bring the victims into a trial or anything like that[.]" Appellee stated that he did not recall being advised of his rights at trial. Furthermore, his recollection of his meetings with Mr. Walters was that they discussed the case the first time they met but after the initial meeting their conversations were limited to discussions of the State's offers.

It is clear from the record that appellee voluntarily entered his plea. He made his desire known from the first meeting with his attorney and acknowledged his desire to plead at both the plea hearing and the post conviction hearing. The only issue is whether appellee knowingly entered his plea. Based on the record before us, we hold that appellee did knowingly enter his plea. The record reflects that appellee was acquainted with the principles he was foregoing by entering the *Alford* plea. The majority of rights being waived were reviewed with appellee by the trial court with any discrepancies covered by appellee's counsel. We further find that appellee acted consciously and intentionally in waiving his rights.

## CONCLUSION

For the reasons set forth above, we hold that the court erred in granting appellee a new trial. Appellee's *Alford* plea was made knowingly and voluntarily. Consequently, the remedy requested in appellee's post conviction petition should have been denied.

Furthermore, for the benefit of future post conviction courts, we reiterate that the procedure developed by the cases cited in this opinion requires two-steps. The first step re-

quires the court to determine if the right to file a post conviction complaint has been waived by application of § 7–106(b). In making a determination of waiver, the court looks to see if the allegation of error was raised in a proceeding set forth in § 7–106(b)(1)(i). If the petitioner has failed to raise the allegation of error in one of the enumerated procedures, the court must determine if the failure to raise the allegation was done intelligently and knowingly. If the failure was not intelligent and knowing, the court proceeds to step two, a review on the merits. If, however, the failure was intelligent and knowing, the court must decide if there are special circumstances to excuse the failure before proceeding to step two. If the failure was intelligent and knowing and there are no special circumstances, the claim is deemed waived and a decision on the merits is not required.

**JUDGMENT REVERSED.**

**COSTS TO BE PAID BY APPELLEE.**