STATE OF MARYLAND *v.* JAMES BOONE

[No. 1078, September Term, 1977.]

*Decided July 13, 1978.*

The cause was argued before THOMPSON, LISS and WILNER, JJ.

*W. Timothy Finan, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,*

and *Richard P. Arnold, Assistant State's Attorney for Prince George's County,* on the brief, for appellant.

No brief or appearance for appellee.

THOMPSON, J., delivered the opinion of the Court.

In this appeal we are asked to determine whether a writ of habeas corpus *ad prosequendum* constitutes a detainer within the meaning of the Interstate Agreement on Detainers, *Md. Code,* Art. 27, § 616A et seq. (1976 Repl. Vol., 1977 Supp.).[1] We hold that it does not.

Appellee, James Boone, was indicted on September 15, 1976, in the Circuit Court for Prince George's County for armed robbery.[2] He was subsequently incarcerated in the District of Columbia on February 25, 1977, on charges stemming from a felony committed in that jurisdiction. On March 29, 1977, the Circuit Court issued a writ of habeas corpus *ad prosequendum* directing the superintendent of the District of Columbia Jail to release Boone into the custody of the United States Marshal and deliver him to the court on April 14, 1977 for arraignment.[3] Boone was delivered to the court on April 14 and was ultimately arraigned on April 15, 1977. After his arraignment he was returned to the District of Columbia.

Appellee moved to dismiss the indictment with prejudice on May 11, 1977, contending that by issuing the writ of habeas corpus *ad prosequendum* the State had filed a detainer

---

1. The Interstate Agreement on Detainers is an interstate compact which was approved by Congress. *See* 4 U.S.C. 112(a) (1970). The compact has now been adopted by all states except Alabama, Alaska, and Mississippi. The United States became a party to the agreement on behalf of itself and the District of Columbia in 1970. *See* 18 U.S.C. App., pp. 1395-1398 (1976).

2. During the proceedings below appellee was represented by an assigned public defender but the public defender appointed to represent him in this appeal was permitted to withdraw her appearance under Md. Rule 125 because appellee refused to cooperate.

3. Although the Circuit Court lacked the power to *order* the federal authorities to release appellee, *see* Ponzi v. Fessenden, 258 U. S. 254, 261-262, 42 S. Ct. 309, 66 L. Ed. 607 (1922); Special Prosecutor of New York v. United States Attorney for the Southern District of New York, 375 F. Supp. 797, 802-804 (S.D.N.Y. 1974), the Supervisor of the District of Columbia Jail honored the writ as a matter of comity.

thereby invoking the Interstate Agreement on Detainers. Based on this premise appellee maintained that by returning him to the District of Columbia the State violated Article IV of the Agreement which provides in part:

"If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V (e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." *Md. Code,* Art. 27 § 616E (e) (1976 Repl. Vol.).[4]

During the hearing on the motion both parties made a number of factual claims but neither party introduced any evidence. Instead the hearing consisted solely of the argument of counsel, supplemented by the court file. Appellee repeated his claim that § 616E (e) required dismissal of the indictment but the State maintained the Interstate Agreement on Detainers was inapplicable because: (1) there was no evidence to show appellee was serving a "term of imprisonment" in the District of Columbia at the time the writ was issued, and (2) appellee was never released from federal custody. Judge Ernest A. Loveless, Jr. agreed with the State's latter argument and denied the motion to dismiss the indictment. In response to Judge Loveless's ruling appellee reserved the point for consideration by the court *en banc,* and a hearing was conducted before a three judge panel. *See* Md. Rule 510 b. An opinion and order were filed subsequently granting the motion to dismiss and the State appealed. The Court, recognizing that in order for the Interstate Agreement on Detainers to come into play a detainer must be filed with the jurisdiction having custody of the prisoner, ruled that the writ of habeas corpus *ad prosequendum* constituted a detainer and, therefore, the provisions of the Agreement

---

4. It should be noted that under § 616D the prisoner must make a request for final disposition of his case before the Interstate Agreement on Detainers is invoked. A request by the prisoner is not required under § 616E.

applied. It relied on *United States v. Mauro*, 544 F. 2d 588 (2nd Cir. 1976).

The Agreement itself does not define the word "detainer" but it is generally recognized that the term refers to a notice directed to prison authorities informing them that charges are pending in another jurisdiction against an inmate. Prior to the enactment of the Agreement detainers were indiscriminately filed and often adversely affected the prisoner by providing a ground for denying parole, visiting privileges, and participation in various special programs. In addition there were often long delays before trial began in the second jurisdiction which were prejudicial to the prisoner's defense.

Unlike detainers a writ of habeas corpus *ad prosequendum* is an order for the immediate release of a prisoner and is discharged when the prisoner is released into the court's custody. Consequently, the writ has never been associated with the problems surrounding detainers. *United States v. Kenaan,* 557 F. 2d 912, 916 (1st Cir. 1977), *cert. denied,* 46 U.S. L.Week 3749 (No. 77-206 June 5, 1978); *Huff v. United States,* 437 F. Supp. 564, 568 (W.D. Mo. 1977).

Despite these differences there has been a great deal of controversy, primarily in the federal courts, over whether an *ad prosequendum* writ constitutes a detainer. *Compare United States v. Kenaan, supra; United States v. Scallion,* 548 F. 2d 1168 (5th Cir. 1977), *cert. denied,* 46 U.S. L.Week 3753 (No. 76-6559 June 5, 1978); *Ridgeway v. United States,* 558 F. 2d 357 (6th Cir. 1977), *cert. denied,* 46 U.S. L.Week 3753 (No. 77-5252 June 5, 1978); and *United States v. Harris,* 566 F. 2d 610, 613-614 (8th Cir. 1977) with *United States v. Mauro, supra,* and *United States v. Sorrell,* 562 F. 2d 227 (3rd Cir. 1977), *cert. denied,* 46 U.S. L.Week 3751 (No. 77-593 June 5, 1978). The Supreme Court, subsequent to the ruling below, resolved this controversy when it reversed the second circuit's decision in *Mauro* and held that an *ad prosequendum* writ is not a detainer. *United States v. Mauro,* 436 U. S. 340, 98 S. Ct. 1834, 1845-1847, 56 L.Ed.2d 329 (1978).[5] In its

---

5. The Court did rule, however, that once a detainer had been filed the *ad prosequendum* writ constituted a request for temporary custody within the meaning of Article IV. 98 S. Ct. at 1847-1849.

decision the Court noted that there was a fundamental difference between an *ad prosequendum* writ and a detainer by stating:

"The role and functioning of the *ad prosequendum* writ are rooted in history, and they bear little resemblance to the typical detainer which activates the provisions of the Agreement.

"Unlike a writ of habeas corpus *ad prosequendum* issued by a federal district court, a detainer may be lodged against a prisoner on the initiative of a prosecutor or law enforcement officer. Rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison. Further action must be taken by the receiving State in order to obtain the prisoner. Before it was made clear that a prosecuting authority is not relieved of its obligation to provide a defendant a speedy trial just because he is in custody elsewhere, see *Smith v. Hooey,* 393 U. S. 374, 89 S. Ct. 575, 21 L.Ed.2d 607 (1969), detainers were allowed to remain lodged against prisoners for lengthy periods of time, quite often for the duration of a prisoner's sentence.

\* \* \*

"Because writs of habeas corpus *ad prosequendum* issued by a federal court pursuant to the express authority of a federal statute are immediately executed, enactment of the Agreement was not necessary to achieve their expeditious disposition. Furthermore, as noted above, the issuance of *ad prosequendum* writs by federal courts has a long history, dating back to the First Judiciary Act. We can therefore assume that Congress was well aware of the use of such writs by the Federal Government to obtain state prisoners and that when it used the word 'detainer,' it meant something quite

different than a writ of habeas corpus *ad prosequendum."* (footnote omitted). *Id.* 98 S. Ct. at 1846, 1847.[6]

Although the Supreme Court is not the final arbitrator of state statutes, it is the final arbitrator of interstate compacts. *Petty v. Tennessee-Missouri Bridge Commission,* 359 U. S. 275, 278, 79 S. Ct. 785, 788, 3 L.Ed.2d 804 (1959); *State, ex rel. Dyer v. Sims,* 341 U. S. 22, 28, 71 S. Ct. 557, 560, 95 L. Ed. 713 (1951). In addition, that portion of the Federal enactment of the Agreement that was construed by the Court is all but identical to the Maryland provision. Consequently, we hold the writ issued in the instant case was not a detainer. Absent a showing a detainer had been filed in the District of Columbia, the Agreement was inapplicable. Thus, the court erred when it dismissed the indictment.

There is an additional reason the lower court erred. Assuming a detainer had been filed, appellee was not entitled to the benefit of the protections contained in § 616E (e) unless he had entered upon a term of imprisonment in a penal or correctional institution of a party state. *See Davidson v. State,* 18 Md. App. 61, 67, 305 A. 2d 474, 479, *cert. denied,* 269 Md. 757 (1973). *Accord, United States v. Roberts,* 548 F. 2d 665, 670-671 (6th Cir.), *cert. denied,* 431 U. S. 931, 97 S. Ct. 2636, 53 L.Ed.2d 246 (1977); *United States v. Harris, supra* at 612-613. During the hearings on the motion there were no stipulations, official documents, or testimony indicating that appellee was incarcerated in the District of Columbia under a term of imprisonment at the time the writ was issued. The only basis for the Circuit Court's action in this regard came from material contained in the argument of counsel. Argument of counsel is not evidence and cannot be used to support the court's decision. Thus, the lack of any evidence

---

6. Although the writ issued by the Circuit Court for Prince George's County did not have the efficacy of a writ issued by a federal court, (see note 3) it is apparent from what we have quoted that the Court's reasoning was not based upon the efficacy of the writ. In either case the writ sought an immediate presence of the prisoner as opposed to his presence after his term had been completed.

to support the court's decision would have been a sufficient reason for reversal.

> *Order reversed.*
> *Case remanded for trial.*
> *Costs to be paid by appellee.*