587 A.2d 582

**STATE of Maryland**

v.

**Stephen Francis TORRES.**

**Post Conviction No. 73, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

March 28, 1991.

David S. Whitacre, Asst. State's Atty., Prince George's County, along with J. Joseph Curran, Baltimore, for applicant.

No response filed by appellee.

Submitted before GARRITY, ALPERT and BLOOM, JJ.

BLOOM, Judge.

This post conviction case is before us for a second time. Its first appearance was upon the application of Stephen Francis Torres for leave to appeal from the denial of his petition for post conviction relief. In an unreported opinion we ruled that the Circuit Court for Prince George's County had neglected to consider all of the allegations of error asserted by Torres in his petition, and we remanded the case for consideration of those allegations. *Torres v. State,* Application for Leave to Appeal (Post Conviction), No. 15, September Term, 1989, filed July 20, 1989 (unreported).

On remand the circuit court considered a single allegation of error that concerned two separate convictions. Torres had been convicted of criminal offenses at two separate trials: in April, 1986, he was convicted of daytime housebreaking; in December of the same year he was convicted of felony theft. The circuit court vacated both of these convictions upon a finding that the State had violated the anti-shuffling provision of Art. IV of the Interstate Agreement on Detainers. Art. 27, § 616E(e). *See State v. Jefferson,* 319 Md. 674, 574 A.2d 918 (1990). The State now seeks leave to appeal this order. We shall grant the application and again remand the case for further proceedings.

The circuit court stated that its findings regarding the interstate detainer violation were based upon a letter written by Deputy Sheriff Edward J. Prokop of Alexandria, Virginia, to Torres's public defender attorney. That letter, however, indicated that Torres was transferred from Virginia to Maryland pursuant to a writ of habeas corpus rather than the Interstate Agreement on Detainers (IAD).

The record does contain a xerox copy of an IAD form request for temporary custody, signed by the State's Attorney for Prince George's County.

When a transfer of a prisoner is made from one state to another under the Interstate Agreement on Detainers Act, the transfer is governed by the law set forth in the Interstate Agreement on Detainers statute. Art. 27, §§ 616A–

616R. Section 616E(e) provides that if the receiving state returns the prisoner to the sending state before the charges in the receiving state are litigated, those charges must be dismissed. This law is referred to as the anti-shuffling provision. *State v. Jefferson, supra.*

■ Not all transfers of prisoners from one state to another are effected under authority of the Interstate Agreement on Detainers Act, however. Transfers that are made under other authority, such as a writ of habeas corpus *ad prosequendum,* are not governed by the Interstate Agreement on Detainers statute and thus are not subject to the anti-shuffling provision. Consequently, prisoners who are transferred under authority of habeas corpus writs may be returned to the sending state without trial and still be subject to a subsequent transfer to and trial in the receiving state, *State v. Boone,* 40 Md.App. 41, 388 A.2d 150 (1978).

■ It may well be that Torres was transferred from Virginia to Maryland under the IAD and that Deputy Sheriff Prokop's reference to a transfer pursuant to a writ of habeas corpus in his letter to defense counsel was erroneous. Nevertheless, the letter did refer to a "writ of Habeas Corpus" rather than the IAD, so the court's reliance on that letter as the basis of its decision was misplaced. As we view the matter, however, whether Torres was transferred from Virginia to Maryland under the IAD or by virtue of a writ of habeas corpus is immaterial, because whatever right he may have had to complain about a violation of the IAD anti-shuffling rule was waived by his failure to raise it earlier. To explain why this is so, we must set forth some of the procedural history of this case.

Mr. Torres was convicted in the Circuit Court for Prince George's County in April 1986 of housebreaking and in December of that year of felony theft. He appealed the housebreaking conviction, but he did not raise any issue regarding the Interstate Agreement on Detainers Act in that appeal. Prior to the December 1986 trial on the felony theft charge, a hearing was held on Mr. Torres's assertion

that the Interstate Agreement on Detainers Act had been violated. The motion was heard and denied, but we have not been provided a transcript of that hearing. Consequently, we do not know the precise issue raised or the reason for the circuit court's ruling. Torres appealed the theft conviction but later dismissed the appeal.

We now consider the state of the law regarding waiver of post conviction allegations. The post conviction statute sets forth the following waiver rule:

> *When allegation of error deemed to have been waived.*—For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in an application for leave to appeal a conviction based on a guilty plea, in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.
>
> When allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in an application for leave to appeal a conviction based on a guilty plea, in any habeas corpus or coram nobis proceedings actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation.

Art. 27, § 645A(c).

The Court of Appeals in *Curtis v. State*, 284 Md. 132, 149, 395 A.2d 464 (1978), explained that the "knowing and

intelligent" waiver standard applied "where the waiver concept of *Johnson v. Zerbst* [304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)] and *Fay v. Noia* [372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)] was applicable."

Recently, in the case of *Trimble v. State,* 321 Md. 248, 263, 582 A.2d 794 (1990), the Court reviewed this waiver rule and stated that:

[T]he "test for 'waiver' which the Legislature contemplated was clearly the 'intelligent and knowing' failure to raise, not the failure of counsel or an unknowing petitioner to raise an issue." In other words, the standard is "whether [the petitioner] was previously 'aware of and understood the possible defense.' " [*Curtis v. State,* 284 Md.] at 140, 395 A.2d 464, quoting *Jourdan v. State,* 275 Md. 495, 507, 341 A.2d 388 (1975).

This Court has also had occasion to discuss the post conviction waiver rule. In *Wyche v. State,* 53 Md.App. 403, 454 A.2d 378 (1983), we explained that not all allegations of error are governed by the *Johnson v. Zerbst* "intelligent and knowing" standard. This is because allegations of error are based on different types of rights.

By creating a rebuttable presumption that a failure to assert error at the earliest opportunity was a knowing and intelligent choice and by deeming such choice to constitute a waiver of the right to assert the error, art. 27, § 645A(c) puts post conviction proceedings on a par with direct appeals in that respect. The failure to make a proper and timely objection to jury instructions will constitute a waiver of error on direct appeal in both criminal cases, Md. Rule 4–325(e); *Booth v. State,* 306 Md. 172, 507 A.2d 1098 (1986), *vacated on other grounds,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and civil cases. Md.Rule 2–520(e); *Holloway v. Faw, Casson & Co.,* 78 Md.App. 205, 552 A.2d 1311 (1989), *modified,* 319 Md. 324, 572 A.2d 510 (1990). Objections to the admissibility of evidence must be timely raised when the evidence is offered or they will be deemed waived in both criminal cases, Md.Rule 4–323(a); *Booth v. State, supra,* and in civil cases. Md.Rule 2–517(a); *Beghtol*

*v. Michael,* 80 Md.App. 387, 564 A.2d 82 (1989), *cert. denied,* 318 Md. 514, 569 A.2d 643 (1990). Maryland Rule 4–252(a) provides that certain matters must be raised by a timely pre-trial motion and if not so raised are waived unless the court, for good cause shown, orders otherwise:

    (1) A defect in the institution of the prosecution;

    (2) A defect in the charging document (other than the failure to show jurisdiction or charge an offense);

    (3) An unlawful search, seizure, interception of wire or oral communication, or pre-trial identification;

    (4) An unlawfully obtained admission, statement or confession;

    (5) A motion for joint or separate trials of defendants or offenses.

The waiver provision of Rule 4–252(a) will bar a claim even if that claim is "pregnant with constitutional merit." *Pulley v. State,* 43 Md.App. 89, 97, 403 A.2d 1272 (1979), *aff'd,* 287 Md. 406, 412 A.2d 1244 (1980).

    ■ It is clear, therefore, that the *Johnson v. Zerbst* waiver standard, which requires the State to prove that a defendant alleged to have waived a right has made a knowing and intelligent waiver, does not apply to all waivers or even to all waivers of constitutional rights. The "knowing and intelligent" or *Johnson v. Zerbst* standard applies only to the waiver of such fundamental constitutional rights as:

Sixth Amendment right to a trial, *i.e.,* a guilty plea must be knowing and intelligent. *Sutton v. State,* 289 Md. 359, 424 A.2d 755 (1981); *State v. Thornton,* 73 Md.App. 247, 533 A.2d 951 (1987). The same standard applies in probation revocation hearings, with respect to an admission of violation of probation. *Hersch v. State,* 317 Md. 200, 562 A.2d 1254 (1989).

Sixth Amendment right to a jury trial, *State v. Hall,* 321 Md. 178, 582 A.2d 507 (1990); *Stewart v. State,* 319 Md. 81, 570 A.2d 1229 (1990); *Martinez v. State,* 309 Md. 124, 522 A.2d 950 (1987), including the right to a unanimous

jury verdict. *Allen v. State,* 77 Md.App. 537, 551 A.2d 156, *cert. denied,* 315 Md. 692, 556 A.2d 674 (1989).

Fifth Amendment privilege against self-incrimination, *In re Maurice M.,* 314 Md. 391, 550 A.2d 1135 (1988), *rev'd on other grounds,* —— U.S. ——, 110 S.Ct. 900, 107 L.Ed.2d 992 (1990).

Fifth Amendment protection against double jeopardy. *Carbaugh v. State,* 294 Md. 323, 449 A.2d 1153 (1982).

Sixth Amendment right to counsel. *Johnson v. Zerbst, supra.*

Sixth Amendment right to confront witnesses, in the sense of right to be present at trial (although the standard is satisfied by the accused's voluntary absence). *Barnett v. State,* 307 Md. 194, 512 A.2d 1071 (1986).

█ The determination of whether a particular right is such a fundamental right that an intelligent and knowing waiver must be proved and cannot be presumed or deemed must be decided on a case-by-case basis. Nevertheless, we did offer the following general definition of fundamental rights in *Wyche v. State, supra:*

> Fundamental rights have been defined as being, almost without exception, basic rights of a constitutional origin, whether federal or state, that have been guaranteed to a criminal defendant in order to preserve a fair trial and the reliability of the truth-determining process. [Citations omitted.]

53 Md.App. at 406, 454 A.2d 378.

In *Curtis,* the Court of Appeals explained that non-fundamental rights are subject to waiver by "any tactical decision by counsel, inaction by counsel or procedural default." 284 Md. at 147, 395 A.2d 464. We restated this principle in *Wyche* by saying:

> If the right alleged to have been violated is a non-fundamental right, waiver will be found if it is determined that the possibility existed for the petitioner to have

raised the allegation in a prior proceeding, but he did not do so.

53 Md.App. at 407, 454 A.2d 378.

In summary, when an allegation of error is raised in a post conviction case, the judge deciding the case should consider whether the allegation could have been raised before. If it could, the judge must then decide whether the allegation has been waived. In order to make this decision, he must first determine whether the allegation is premised upon a fundamental right or a non-fundamental right. If the right is a fundamental right, waiver, measured by the "intelligent and knowing" standard, must be proved. If the right is a non-fundamental right, however, the "intelligent and knowing" standard does not apply, and waiver is determined by general legal principles. The most significant of these principles is that the failure to exercise a prior opportunity to raise an allegation of error generally effects a waiver of the right to raise the matter at a later time.

In the instant case, the allegation of error under consideration is whether the State violated the anti-shuffling provision of the Interstate Agreement on Detainers statute. Since this matter could have been raised at trial, we must consider whether it has been waived by failure to raise it at trial. To do this we first determine whether the right on which the allegation of error is premised is a fundamental right or a non-fundamental right, and we make this determination on the basis of the definition of fundamental rights set forth in *Wyche v. State, supra.* Was the right created either "to preserve a fair trial" or to insure "the reliability of the truth-determining process"?

The anti-shuffling provision of the Interstate Agreement on Detainers Act did not create a fundamental right. In *State v. Jefferson, supra,* the Court of Appeals explained the purpose of the anti-shuffling provision in these words:

The provision [art. 27, § 616E(e) ], has been interpreted as intending to "limit the interjurisdictional transfer of prisoners by requiring [the accusing jurisdiction] ... [to]

wrap up its business with [the prisoner], so to speak, before returning him to the custodial [jurisdiction]." *Boyd v. State*, 51 Md.App. 197, 203, 441 A.2d 1133, *aff'd*, 294 Md. 103, 447 A.2d 871 (1982) (adopting the reasons given in the opinion of the Court of Special Appeals). *Boyd* explained that the anti-shuffling provision assists in implementing the IAD's purpose of "minimiz[ing] any disruption to the prison regimen and the prisoner's participation in it." *Id.*

319 Md. at 680, 574 A.2d 918.

The purposes of the provision, therefore, concern matters that relate to the efficient management of pending cases not to contribute to the fairness or the truth-determining aspects of a trial. The right of a prisoner not to be shuffled back and forth between the demanding state and the state in which the prisoner is currently confined is clearly a non-fundamental right, to which general waiver principles apply.

Torres could have asserted the anti-shuffling complaint at either of his trials or in the appeals from the judgments entered in those trials. He did not do so, and by his failure to raise that issue in any of those prior proceedings, he has waived his right to raise the matter on post conviction.

In view of the aforegoing, we shall grant the State's application and direct that the hearing judge's order be vacated. We note that Mr. Torres raised three other allegations which the hearing judge did not consider. Because we are vacating the judge's order, Mr. Torres is entitled to have the three other allegations considered. *Waters v. State*, 76 Md.App. 548, 547 A.2d 665 (1988). We remand the case for this to be done.

APPLICATION FOR LEAVE TO APPEAL GRANTED.

CIRCUIT COURT ORDER VACATED.

CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.