599 A.2d 1215

**John Harold McELROY**

v.

**STATE of Maryland.**

**No. 403, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Jan. 7, 1992.

Certiorari Granted April 28, 1992.

Gary S. Offutt, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty. for Baltimore County of Towson, on the brief), for appellee.

Argued before MOYLAN, GARRITY and ALPERT, JJ.

ALPERT, Judge.

Instead of filing an Application for Leave to Appeal from a guilty plea proceeding, John Harold McElroy unfortunately chose to seek Post Conviction relief and asks us to reverse the judgment of the Circuit Court for Baltimore County denying him the relief prayed. We shall affirm.

### The Proceedings

On January 9, 1989, appellant pled guilty to one count of distribution of phencyclidine (PCP). As part of the plea agreement, the State agreed to recommend a sentence of four to eight years. Before considering and later accepting the plea, the court inquired into, among other areas, appellant's educational level, mental condition, and whether appellant was under the influence of alcohol or drugs. Appellant replied that he attended school to the tenth grade, never was a patient at a mental institution, and that he was not then under the influence of alcohol or drugs. The court explained to appellant that it was not bound by the plea agreement.

> THE COURT: By pleading guilty in this case, you subject yourself to 20 years and $25,000 fine on the first count, which charges that you did distribute PCP and will be requesting a possible presentence, since the guidelines recommend a guideline of four to eight years. Your

attorney is freeze [sic] to argue for anything less than that and, of course the Court is not bound by any sentence, frankly, up from probation to the maximum sentence.

You understand everything about the pleas [sic] agreement?

THE DEFENDANT: Yes.

In addition, the court informed appellant of his methods of review.

THE COURT: And lastly, your guilty plea limits yourself on appeal. You still have the right to the Court of Special Appeals to review it, but to do so it would be limited to four grounds. The first is the jurisdiction of this Court; the second is whether or not I gave an illegal sentence; the third is whether or not you are freely and voluntarily entering this plea and I am sure being represented by Mr. Shaw, do you have any questions you want to ask him or the Court prior to proceeding?

THE DEFENDANT: No, sir.

The court then determined that appellant freely, voluntarily, and intelligently gave his plea.

THE COURT: All right. The Court is satisfied that the plea is freely, voluntarily and intelligently given and will accept the plea of guilty on the first count. Let's hear the basis for the plea. You may have a seat.

After hearing the statement of facts,[1] the court found appellant guilty of possession of PCP.

---

1. The statement of facts is taken from representations made to the court at the plea proceedings on January 9, 1989. On July 8, 1987, at 1:30 p.m., Officer Bonsal of the Baltimore County Narcotics Unit was working undercover in the Wilkins area of Baltimore County. Bonsal met appellant, John Harold McElroy, in the 4200 block of Twin Circle Way. Appellant stated that he had about three cans of PCP for sale for approximately $60. Bonsal went to 4137 Twin Circle Way and entered the kitchen area of the residence. Appellant then produced a clear bag containing a grainy plant material. Bonsal's training and experience led him to conclude that the scent emanating from the bag indicated that the material was PCP. He paid appellant $60 and took the bag. Appellant also advised Bonsal that appellant could get a

At sentencing, on March 30, 1989, the presentence report indicated that appellant had a serious criminal record. The sentencing guidelines called for imprisonment for a term of twelve to twenty years. Nevertheless, the State kept to its agreement and recommended four to eight years.

[MR. PYNE FOR THE STATE] On this case, however, the Defendant made a sale to an undercover policeman and there was no cooperation in this case.[2] He stands before Your Honor with a major crime record that is contained in the presentence investigation. The State recommends a sentence of four to eight years because that is what is determined by the Guidelines to be. I will stick with that recommendation. However, I understand the Guidelines determined by the presentence are twelve to twenty years. I think, clearly, the Defendant has come to the point, Your Honor, that I think it isn't the point that the State chooses to work with him as an informant anymore. We are going to ask for incarceration and say that is called for and I think that this case does call for a substantial period of incarceration.

The court sentenced appellant to a fifteen year term of imprisonment. Before concluding the proceedings, the court informed appellant of his means of review.

1) Thirty days to take an appeal to the Court of Special Appeals.

2) Ninety days to ask for reconsideration of sentence. The court can reduce the sentence or keep it the same, but the court cannot increase the sentence.

3) A three judge panel could review the sentence. The panel may increase the sentence, reduce it, or leave it as is.

Appellant's motions for modification or reduction of the sentence were denied. He did not file an application for

---

bottle of liquid PCP and that he would be back in the city at a later time.

Bonsal surrendered the suspected PCP to the Baltimore County Lab. The chemist reported that the material, 7.9 grams, was PCP.

**2.** Appellant served as a police informant for 15 years.

leave to appeal following his sentence. Instead, on August 14, 1990, he filed a petition for post conviction relief. Judge William Buchanan, Sr. held a hearing on November 1, 1990. On November 28, 1990, the court issued an opinion that denied appellant's petition. Appellant then filed an application for leave to appeal on December 20, 1990. This court granted his application on May 15, 1991. Furthermore, we asked the parties to brief and argue two questions:

(a) Whether a defendant who was convicted on a plea of guilty and who desires appellate review of the conviction based on facts that would be apparent in the record of the guilty plea proceeding must seek such review by an Application for Leave to Appeal pursuant to Cts. & Jud.Proc. art. § 12–302(e); and

(b) Whether a claim of error in such a case that could have been raised by an Application for Leave to Appeal filed pursuant to § 12–302(e) is waived for purposes of subsequent review under the Post Conviction Procedure Act if it was not so raised.

Appellant fashions the issues as follows:

I. Must a defendant who was convicted on a plea of guilty and who desires appellate review of the conviction based on facts that would be apparent in the record of the guilty plea proceeding seek such review by an Application for Leave to Appeal pursuant to Cts. & Jud.Proc. art § 12–302(e)?

II. Is a claim of error in such a case that could have been raised by an Application for Leave to Appeal filed pursuant to § 12–302(e) waived for purposes of subsequent review under the Post Conviction Procedure Act if it was not so raised?

III. Did the hearing judge err when it [sic] failed to grant Appellant's petition for post conviction relief based on the trial court's failure to advise Appellant that the imposition of a penalty more severe than the one recommended by the State's Attorney would not be grounds for withdrawal of his plea?

IV. Did the hearing judge err when it [sic] failed to grant Appellant's petition for post conviction relief because Appellant was not properly advised of the consequences of his plea?

V. Assuming arguendo that such a claim of error might ordinarily have to be raised by an Application for Leave to Appeal from the guilty plea, and that the failure to proceed in this fashion would ordinarily waive the issue for purposes of subsequent review, should the error be reviewed where, as here, the defendant was misadvised as to the nature and scope of his right to appeal?

## I.

■ Section 12–301 provides:

Except as provided in § 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.

Section 12–302 states that one cannot use § 12–301 to appeal a final judgment entered after a guilty plea.

(e) Section 12–301 does not permit an appeal from a final judgment entered following a plea of guilty in a circuit court. Review of such a judgment shall be sought by application for leave to appeal.

The State points out that "[i]t is now a familiar principle of statutory construction in this State that use of the word 'shall' is presumed mandatory unless its context would indicate otherwise...." *Moss v. Director*, 279 Md. 561, 564–65, 369 A.2d 1011 (1977). Our review of § 12–302(e) convinces us that, in the present case, appellant's method of initial review was by application for leave to appeal.

## II.

Appellant bypassed § 12–301's instructions and sought review of his sentence under the Post Conviction Procedure Act (Act). Md.Ann.Code art. 27, § 645A (Supp.1988).

(a) *Right to institute proceeding to set aside or correct sentence.*—(1) Any person convicted of a crime and either incarcerated under sentence of death or imprisonment or on parole or probation, including any person confined or on parole or probation as a result of a proceeding before the District Court who claims that the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of this State, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error which would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common-law or statutory remedy, may institute a proceeding under this subtitle in the circuit court for the county to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction.

. . . . .

(c) *When allegation of error deemed to have been waived.*—For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in an application for leave to appeal a conviction based on a guilty plea, in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because

of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

When an allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in an application for leave to appeal a conviction based on a guilty plea, in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation.

Having decided that appellant should have sought review of his sentence under § 12–302, we determine whether his failure to make allegations of error "shall be excused because of special circumstances." He has the "burden of proving the existence of such special circumstances." In addition, there is a rebuttable presumption that he "intelligently and knowingly failed to make such allegation[s]."

 *State v. Torres*, 86 Md.App. 560, 568, 587 A.2d 582 (1991), is relevant to our discussion.

In summary, when an allegation of error is raised in a post conviction case, the judge deciding the case should consider whether the allegation could have been raised before. If it could, the judge must then decide whether the allegation has been waived. In order to make this decision, he must first determine whether the allegation is premised upon a fundamental right or a non-fundamental right. If the right is a fundamental right, waiver, measured by the "intelligent and knowing" standard, must be proved. If the right is a non-fundamental right, however, the "intelligent and knowing" standard does not apply, and waiver is determined by general legal principles. The most significant of these principles is that the failure to exercise a prior opportunity to raise an allega-

tion of error generally effects a waiver of the right to raise the matter at a later time.

It is a fundamental right that the accused be advised of the charges against him and of the consequences of a guilty plea. *State v. Thornton*, 73 Md.App. 247, 253, 533 A.2d 951 (1987). Thus, appellant could only waive allegations of error under the Act if he intelligently and knowingly failed to make such allegations or if special circumstances did not apply.

█ Appellant argues that he did not file an application for leave to appeal because the court did not tell him that he could attack his plea on the ground that it was not intelligently given.

> THE COURT: And lastly, your guilty plea limits yourself on appeal. You still have the right to the Court of Special Appeals to review it, but to do so it would be limited to four grounds. The first is the jurisdiction of this Court; the second is whether or not I gave an illegal sentence; the third is whether or not you are freely and voluntarily entering this plea and I am sure being represented by Mr. Shaw, do you have any questions you want to ask him or the Court prior to proceeding?
>
> THE DEFENDANT: No, sir.

Later, at sentencing, the court informed appellant that he had three routes of review.

> You have thirty days to take an appeal to the Court of Special Appeals.[3] If you choose to do so, you must notify my Court Reporter in ten days to prepare a transcript of these proceedings.
>
> You have ninety days to ask me to reconsider my sentence. I could reduce it or allow it to remain the same, but I could not increase it.
>
> You have a right to a three Judge panel to review the sentence. I would not be a member of the panel, but

---

**3.** Although this is technically incorrect, *see* § 12–302, *supra*, from a practical standpoint, appellant was still advised of a right of further review by an appellate tribunal.

could by consulted as to why I gave the sentence. They could increase it up to the maximum of twenty years, they could reduce it, they could allow it to remain the same.

The State contends that this argument "asserts form over substance and is without merit." We agree. The court, at sentencing, informed appellant that he could appeal to the Court of Special Appeals—the court did not enumerate any grounds for appeal. Appellant responded in the negative when the court asked if he had any questions about his appeal rights. Maryland Rule 4–342(h) discusses advice to the defendant.

> At the time of imposing sentence, the court shall cause the defendant to be advised of any right of appeal, any right of review of the sentence under the Review of Criminal Sentences Act, and the time allowed for the exercise of these rights. The circuit court shall cause the defendant who was sentenced in circuit court to be advised that within ten days after filing an appeal, the defendant must order in writing a transcript from the court stenographer.

The lower court complied with the provisions of Md.Rule 4–342(h). The court had no duty to tell appellant what grounds he could appeal on.

Therefore, appellant is unable to rebut the presumption that he intelligently and knowingly waived any possible error arising out of his plea agreement proceeding by instituting proceedings under the Act instead of first filing an application for leave to appeal.

### Special Circumstances

■ We now consider whether appellant's situation falls under the "special circumstances" exception of § 645A(c). "[T]he matter of 'special circumstances' only becomes pertinent where there is an intelligent and knowing failure of the petitioner to previously raise an issue." *Curtis v. State,* 284 Md. 132, 139, 395 A.2d 464 (1978). We hold that

appellant's situation does not fall under the special circumstances evaluation.

Appellant argues that the lower court, at the plea proceedings, incorrectly advised him that his right to appeal was "restricted to specific grounds." He cites no authority to support his contention that this omission constitutes special circumstances.[4] Moreover, he fails to point out that, at sentencing, the court told him that, "You have thirty days to take an appeal to the Court of Special Appeals. If you choose to do so, you must notify my Court Reporter in ten days to prepare a transcript of these proceedings." This language contains no restrictions. Failure of the court to include the word "intelligent" as a ground for appellant to have his plea reviewed is *de minimus*. As noted above, there is no requirement that the court provide appellant with grounds with which he can attack his plea. Md.Rule 4–342(h).

Having determined that appellant has waived his right to review under the Post Conviction Procedure Act, we need not address the remaining issues.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.

---

**4.** Maryland courts have found special circumstances in three situations. *Washington v. Warden,* 243 Md. 316, 220 A.2d 607 (1966) (petitioner was a paranoid schizophrenic and psychotic and was not competent to aid in his case); *Dennis v. Warden,* 243 Md. 104, 219 A.2d 924 (1966) (involuntariness of confession); *O'Connor v. Warden,* 6 Md.App. 590, 253 A.2d 434, (1969) (if applicant's counsel was under impression, and advised applicant, that he could raise issue through post conviction, despite failure to raise issue on direct appeal, this may constitute special circumstances).