866 A.2d 885

**Maurice Andre PARKER**

v.

**STATE of Maryland.**

**No. 2119, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

Jan. 27, 2005.

674

Allison E. Pierce (Nancy S. Forster, Public Defender, on brief), for appellant.

Mary Ann Ince (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel EYLER, JAMES R., KENNEY, THEODORE G. BLOOM, (Ret., specially assigned), JJ.

## ON MOTION FOR RECONSIDERATION

JAMES R. EYLER, J.

Maurice Andre Parker appeals from orders dismissing three petitions for writs of error coram nobis, filed in the Circuit Court for Prince George's County, in which appellant challenged his convictions in three separate cases on the ground that his pleas of guilty and nolo contendere were not knowing and voluntary. We hold that each petition stated a cause of action. Consequently, we shall vacate the orders of dismissal and remand to the circuit court for further proceedings not inconsistent with this opinion.

### Factual Background

On April 4, 1996, in criminal case No. CA951438X, appellant pleaded guilty to theft over $300 in violation of Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 342,[1] and nolo contendere to carry-

---

1. This provision has been recodified and is now Md.Code (2002), § 7-104 of the Criminal Law Article.

ing a handgun in violation of Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 36B.[2] On November 30, 1998, in criminal case No. CA982263J, appellant pleaded guilty to theft over $300 in violation of Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 342.[3] On October 28, 1999, in criminal case No. CA992410A, appellant pleaded guilty to theft over $300 in violation of Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 342.

On June 18, 2003, appellant filed petitions for writs of error coram nobis naming the State as defendant, seeking to vacate the convictions entered in the above cases. In his petitions, appellant alleged that he was scheduled to be tried in the United States District Court for the District of Maryland on a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Appellant further alleged that, under federal sentencing guidelines, he would face an increased sentence of up to 28 months of imprisonment as a result of the above convictions. Appellant's sole ground for relief was that his guilty pleas were not knowing and voluntary.

Appellant waived a hearing on the petitions, and on October 18, 2003, the circuit court entered orders denying the petitions without explanation, which is the basis for the present appeal to this Court. In their briefs, the parties advise us that, subsequent to the filing of the petitions, appellant was convicted in federal court. The briefs are silent with respect to sentencing.

### Parties' Contentions

Appellant argues that the trial court erred when it denied his three petitions for writ of error coram nobis because appellant was entitled to challenge his convictions through a coram nobis proceeding and, furthermore, his guilty pleas and plea of nolo contendere were not knowing and voluntary.

---

2. This provision has been recodified and is now Md.Code (2002), § 4–203 of the Criminal Law Article.

3. Appellant also pleaded guilty to driving a vehicle without insurance coverage, but appellant did not challenge that conviction in his coram nobis petitions.

Appellant also alleged that he faced substantial collateral consequences if convicted in federal court, as his sentence would be enhanced in the federal court proceeding under the federal sentencing guidelines[4].

The State counters that the trial court properly denied appellant's petitions because appellant waived the claims on which he sought coram nobis relief, there were no intervening changes in the law that would warrant relief, and there were no compelling circumstances that would warrant relief.

### Discussion

A petition for writ of error coram nobis provides a remedy for a person who is not incarcerated and not on parole or probation, who is faced with a significant collateral consequence of his or her conviction, and who can legitimately challenge the conviction on constitutional or fundamental grounds. *Skok v. State*, 361 Md. 52, 78, 760 A.2d 647 (2000). Historically, a writ of error coram nobis was directed to a court for review of its own judgment, predicated on alleged errors of fact. Black's Law Dictionary 362 (8th ed.2004). This practice served "to bring before the court facts which were not brought into issue at the trial of the case, and which were material to the validity and regularity of the proceedings, and which, if known by the court, would have prevented the judgment." *Skok*, 361 Md. at 68, 760 A.2d 647 (*quoting Madison v. State*, 205 Md. 425, 432, 109 A.2d 96 (1954) (citations omitted)). In other words, the writ provided a remedy in situations "in which the supposed error inhere[d] in facts not actually in issue under the pleadings at the trial, and unknown to the court when the judgment was entered, but which, if known, would have prevented the judgment." *Id.* at 69, 760 A.2d 647 (*quoting Keane v. State*, 164 Md. 685, 692, 166 A. 410 (1933)).

---

4. Under the federal sentencing guidelines a defendant's sentence is determined by the defendant's criminal history. In order to determine defendant's criminal history category, "points" are assessed for each prior conviction, and the total points are used to determine the sentencing range applicable to the defendant. *See* U.S.S.G. § 4A1.1, *et seq.*

In *Skok v. State*, the Court of Appeals expanded the scope of coram nobis relief to include errors of law, stating that a person who meets the requirements for coram nobis relief "should be able to file a motion for coram nobis relief regardless of whether the alleged infirmity in the conviction is considered an error of fact or an error of law." *Id.* at 78, 760 A.2d 647; *see also United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Although the *Skok* decision served to broaden the scope for relief, the Court emphasized that such relief is "subject to several important qualifications." *Id.* Particularly, in order for a petitioner to obtain coram nobis relief, whether on the basis of error of fact or error of law, the burden of proof is on the petitioner to show that the grounds for challenging the criminal conviction are of a constitutional, jurisdictional, or fundamental character; that the petitioner is suffering or facing significant collateral consequences from the conviction; and that there is no other statutory or common law remedy then available. *Id.* at 78–80, 760 A.2d 647. Additionally, one is not entitled to challenge a criminal conviction in a coram nobis proceeding when an issue has been finally litigated in a prior proceeding, and there are no intervening changes in the applicable law or controlling case law. *Id.* at 80, 760 A.2d 647.

In the present case, appellant's allegations are sufficient to legitimately challenge each of the convictions on constitutional grounds. In *Skok*, the Court made it clear that "one of the issues which could be raised [in a coram nobis proceeding] was the voluntariness of a plea in a criminal case." *Id.* at 68, 760 A.2d 647. Additionally, "courts have consistently held that the scope of a coram nobis proceeding encompasses issues concerning the voluntariness of a guilty or nolo contendere plea, and whether the record shows that such plea was understandingly and voluntarily made...." *Pitt v. State*, 144 Md.App. 49, 62, 796 A.2d 129 (2002)(internal quotations omitted) (*quoting Skok*, 361 Md. at 80–81, 760 A.2d 647). In the present case, each of appellant's petitions for relief alleged that his guilty pleas and plea of nolo contendere were entered into in violation of constitutional standards and in violation of

Maryland Rule 4–242 because they were not entered into knowingly and voluntarily. Maryland Rule 4–242 provides:

 **(c) Plea of guilty.** The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record and in open court ... that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. ...

 **(d) Plea of nolo contendere.** A defendant may plead nolo contendere only with the consent of court. The court may require the defendant or counsel to provide information it deems necessary to enable it to determine whether or not it will consent. The court may accept the plea only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the defendant is pleading voluntarily with understanding of the nature of the charge and the consequences of the plea. ...

This rule expressly and unambiguously indicates that, "[b]efore the trial court may accept a guilty plea, it must determine on the record that the defendant understands the nature of the charges and the consequences of the plea, that the plea is a voluntary one, and that a factual basis supports the plea," *Pitt,* 144 Md.App. at 63–64, 796 A.2d 129 (citations omitted); *see also State v. Hicks,* 139 Md.App. 1, 11, 773 A.2d 1056 (2001) (*citing James v. State,* 242 Md. 424, 428, 219 A.2d 17 (1966) (holding that, for a guilty plea to be valid, the circumstances must show a voluntary desire on the part of the accused to plead guilty, with an intelligent understanding of the nature of the offense and the possible consequences of such a plea)). Furthermore, because of the "conclusive nature of a guilty plea," *Curtis v. State,* 284 Md. 132, 143, 395 A.2d 464, 471 (1978), and " '[o]ut of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.' " *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d

473 (1962) (*quoting Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)). "Moreover, the courts have regularly held that violations of rules similar to Maryland Rule 4–242, which are designed to insure that guilty and nolo contendere pleas are voluntary, constitute a basis for coram nobis relief." *Skok,* 361 Md. at 81, 760 A.2d 647. These requirements, which are necessary to ensure compliance with constitutional guarantees, comport with the requirements enunciated by the Supreme Court in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In *Boykin v. Alabama,* the petitioner was convicted of robbery and sentenced to death after pleading guilty to five indictments. The Court, after reviewing the record, held that there was reversible error because the record did not disclose that the defendant had knowingly and voluntarily entered his pleas of guilty. In so holding, the Court recognized that "[s]everal federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial," including "the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth ... the right to trial by jury ... [and] the right to confront one's accusers." *Id.* at 243, 395 U.S. 238 (citations omitted). Reasoning that "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction," the Court concluded that "[a]dmissibility of a confession must be based on a reliable determination on the voluntariness issue...." *Id.* at 242, 89 S.Ct. 1709 (citations omitted). Appellant's petitions indicate that his pleas were entered into neither knowingly nor voluntarily in accordance with Maryland Rule 2–242 or the mandates of *Boykin v. Alabama.*

■ Appellant attached a transcript of the circuit court proceeding to each of his petitions. On April 4, 1996, appellant appeared before the circuit court in case No. CA951438X. In pertinent part, the following colloquy occurred:

COURT: What's he, how does he plead here?

DEFENSE COUNSEL: Well, this is the thing. The offer on the table is pleading to the theft, pleading the gun and it will be time served. However, and this is pursuant to conversations as late as today, Mr. Parker is ready to plead to the theft but says no to the gun.

COURT: He says nolo contendere to the gun?

DEFENSE COUNSEL: That might work.

COURT: How does he plead to the theft?

DEFENSE COUNSEL: Guilty.

COURT: We're halfway home. Now, let's pretend he's Vice President Agnew, how does he plead to the gun?

DEFENSE COUNSEL: I'll ask him.

COURT: *What the hell does he know? He doesn't know anything. Don't ask him. Tell him.* Get him out of here. He wants to go home.

DEFENSE COUNSEL: Yeah, he'll take that, Your Honor.

COURT: Take what?

DEFENSE COUNSEL: Nolo contendere.

COURT: I'll accept that plea. There is no finding in count two. He's found guilty in count one. He's given 30 days credit for time served and waive his costs. Waiver of costs and we'll roll him out of here.

In this exchange, it is evident that the trial court did not meet the standard set forth in rule 4–242 or *Boykin.* There is nothing to indicate that appellant was made aware of the charges against him or of the consequences of a guilty plea. There is also no indication that the plea was entered into voluntarily. In fact, quite contrarily, the court suggests that because appellant "doesn't know anything," he should simply be told how to plead.

On November 30, 1998, appellant appeared before the court in case No. CA982263J, and the following occurred:

COURT: CA982515J, Maurice Parker. How does he plead? Count one, Madam Clerk.

CLERK: Your Honor, here's another one. I didn't have it, under Natalie's, 148.

COURT: 982263. How long has he been locked up, Tom? How long have you been locked up, Parker?

APPELLANT: July 6th.

COURT: How does he plead in 2263 to stealing his boss' pistol?

DEFENSE COUNSEL: Guilty, Your Honor.

COURT: How does he plead in 2515 to driving without insurance?

DEFENSE COUNSEL: Guilty, Your Honor.

COURT: Which is count one, Madam Clerk. In 2515 he gets probation before judgment unpapered and unsupervised over the objection of the State for a period of six months. In 2263 he gets 90 days credit for time served. Waive his costs in both cases.

DEFENSE COUNSEL: Thank you, Your Honor.

Aside from the court's inquiry of appellant as to how long he had been incarcerated, there is no indication that either the court, defense counsel, or the State's Attorney addressed appellant. There is nothing to suggest that appellant understood the ramifications of a guilty plea, what consequences he could face, or that there were sufficient facts to provide a basis for a guilty plea.

On October 28, 1999, appellant's counsel appeared before the court in case No. CA992410A, without appellant, and the following transpired:

COURT: CA992410A, Maurice Parker. He's doing 18 months. That's why he's not here.

DEFENSE COUNSEL: That's why he's not here. That's why I wanted you to deal with the case. He went in 5/10 on a VOP and I don't know which eminent jurist of the district court VOP's him, but I could guess.

* * *

DEFENSE COUNSEL: Can you just let him out of there? He's been in since May 10.

COURT: How does he plead?

DEFENSE COUNSEL: He pleads guilty.

COURT: Guilty, Madam Clerk, he's given five months with credit for time served. He's sure released from the Department of Corrections.

CLERK: What's he charged with?

COURT: Theft, petty theft.

CLERK: Nuh-uh, you're lying.

COURT: What's he charged with?

DEFENSE COUNSEL: Who?

COURT: Your man, Parker.

DEFENSE COUNSEL: I don't know. I have to look in the file.

COURT: Right, and he's getting paid to represent him.

CLERK: Your Honor, it's theft plus.

COURT: Theft plus?

CLERK: Mm-hm.

COURT: Theft plus.

CLERK: Well, makes it a little bit better.

COURT: He's charged with running afoul of the Judge.

Once again, there is nothing to indicate that appellant knowingly and voluntarily entered into this plea. In fact, appellant was not even present at this hearing.

Based on the transcripts, we have no difficulty in concluding that appellant's guilty pleas and nolo contendere plea were not made knowingly and voluntarily and, therefore, were constitutionally defective. Indeed, "[w]hen a trial court, in violation of Rule 4–242(c) and (d) and the constitutional principles set forth in *Boykin v. Alabama* . . . fails to ascertain from the accused the requisite answers, information or facts permitting the court to determine that a guilty plea or nolo contendere plea is voluntary, there is an erroneous factual gap, relating to a voluntariness matter which is not adjudicated by the court on a complete factual record, and which, if the accused's answers were known, might well have prevented the acceptance of the plea." *Skok*, 361 Md. at 70, 760 A.2d 647. Thus, appellant's petitions satisfy the first requirement for coram nobis relief.

■ In addition to a showing that the convictions were entered in violation of constitutional standards, appellant must also show that there is no other statutory or common law remedy available to him. When appellant filed his petitions for coram nobis, he was not incarcerated and was not on parole or probation for any of the convictions at issue in the present case. Therefore, he could not have challenged his convictions under the Uniform Postconviction Procedure Act ("UPPA")[5], nor could he have filed a habeas corpus petition, because these remedies apply only to persons who are "confined under sentence of death or imprisonment" or who are "on parole or probation." Md.Code (2001), § 7–101 of the Criminal Procedure Article. Thus, appellant's petitions satisfy the second requirement for relief.

The State contends that pursuant to UPPA, Md.Code (2001), § 7–106 of the Criminal Procedure Article, appellant waived the claims on which he sought coram nobis relief when he failed to raise allegations of error pursuant to the requirements of UPPA. *Id.* Furthermore, the State contends that there have been no intervening changes in the law which resulted in significant collateral consequences and there are no compelling circumstances, all necessary to warrant coram nobis relief. These arguments are without merit.

■ First, the State argues that because "[b]asic principles of waiver are applicable to issues raised in coram nobis proceedings . . .," *Skok*, 361 Md. at 79, 760 A.2d 647, appellant waived his rights to raise allegations of error because he failed to make such allegations before trial, at trial, on direct appeal, in an application for leave to appeal, in a prior post-conviction proceeding, or in any other proceeding that the petitioner began. The State is misapplying the waiver standard. Although it is true that "most rights, whether constitutional, statutory or common-law, may be waived by inaction," *State v. Rose*, 345 Md. 238, 248, 691 A.2d 1314 (1997), or by strategic

---

5. Formerly the Post Conviction Procedure Act, Md.Code (1957, 1992 Repl.Vol.), Art. 27 § 645 A(c).

and tactical decisions, certain fundamental constitutional rights can not be waived, unless done so intelligently and knowingly by the defendant. *See Curtis v. State,* 284 Md. 132, 149–50, 395 A.2d 464 (1978) ("[w]e believe that the Legislature, when it spoke of 'waiver' ... was using the term in a narrow sense. It intended that ... [the] 'intelligent and knowing' standard, be applicable only in those circumstances where the waiver concept of *Johnson v. Zerbst* ... was applicable ... Tactical decisions, when made by an authorized competent attorney ... will normally bind a criminal defendant."); *see also cf. Wyche v. State,* 53 Md.App. 403, 407, 454 A.2d 378 (1983) ("If the right alleged ... is a non-fundamental right, waiver will be found if it is determined that the possibility existed for the petitioner to have raised the allegation in a prior proceeding, but he did not do so."). In the instant case, the decision to plead guilty was not merely a "tactical" decision, but was instead the surrender of a fundamental right that must be knowingly and intelligently waived.

The Supreme Court set forth the standard for the concept of "waiver" that is applicable in this case in *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), holding that " 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and ... we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment of a known right or privilege." *Id.* at 464, 58 S.Ct. 1019 (citation omitted). *See Curtis,* 284 Md. at 142, 395 A.2d 464 ("[T]he legislative purpose of the Post Conviction Procedure Act, as amended by Ch. 442 of the Acts of 1965, was to adopt the concept of 'waiver' set forth by the Supreme Court in cases like *Johnson v. Zerbst*."). The *Johnson v. Zerbst* waiver standard requires that waivers of certain fundamental constitutional rights must be "knowing and intelligent." Such fundamental constitutional rights have been held to include: the Sixth Amendment right to a jury trial, *State v. Hall,* 321 Md. 178, 182, 582 A.2d 507 (1990); *Stewart v. State,* 319 Md. 81, 90, 570 A.2d 1229 (1990); the Fifth Amendment privilege against self-incrimination, *In re Maurice M.,* 314 Md. 391, 405, 550

A.2d 1135 (1988), *rev'd on other grounds,* 493 U.S. 549, 110 S.Ct. 900, 107 L.Ed.2d 992 (1990); the Sixth Amendment right to confront witnesses, *Barnett v. State,* 307 Md. 194, 205, 512 A.2d 1071 (1986); and the Sixth Amendment right to a trial. The important point, for present purposes, is that *a guilty plea must be knowing and intelligent,* i.e., it is subject to the *Johnson v. Zerbst* standard. *Sutton v. State,* 289 Md. 359, 424 A.2d 755; *State v. Thornton,* 73 Md.App. 247, 259–61, 533 A.2d 951 (1987). *See State v. Torres,* 86 Md.App. 560, 566–67, 587 A.2d 582 (1991). In the present case, appellant's petitions indicate that this standard was not met, and thus there is no waiver.

■ Second, although the State correctly notes that the *Skok* court held that "where an issue has been finally litigated in a prior proceeding, and there are no intervening changes in the applicable law or controlling case law, the issue may not be re-litigated in a coram nobis action," *Skok,* 361 Md. at 77–78, 760 A.2d 647, it is clear that the Court did not intend "to limit the broadened [coram nobis] . . . remedy [solely] to petitioners who were subject to intervening changes in applicable law," *Hicks,* 139 Md.App. at 11, 773 A.2d 1056, such as non-citizens who, because of recent changes in federal immigration laws, regulations, and administration, became subject to deportation proceedings based on minor criminal convictions. *Skok,* 361 Md. at 77, 760 A.2d 647. Rather, "[t]he Court was simply explaining that the final litigation rule applied, and part of the final litigation rule is the recognition that, even when an issue has been finally litigated, an intervening change in controlling case law may entitle a petitioner to re-litigate the issue." *Id.* Thus, appellant's petitions satisfy the third requirement for coram nobis relief.

■ With respect to the State's last contention, that compelling circumstances did not exist, it is not a separate requirement. The term "compelling circumstances," as used in the case law, merely describes the requirements as set forth above.

■ Up to this point, appellant appears to be a stalwart candidate for coram nobis relief. His request may ultimately fail, however, on the basis of the final requirement for relief-"significant collateral consequences." Although the determination of this issue will be made by the trial court on remand, we shall briefly remark on the merits of appellant's contention that he faces significant collateral consequences because of his federal court conviction.

The Supreme Court has expressly recognized that it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). In fact, "[a]lthough the term [of imprisonment] has been served, the results of the conviction may persist. *Subsequent convictions may carry heavier penalties*, [and] civil rights may be affected." *United States v. Morgan*, 346 U.S. 502, 512–13, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (emphasis added).

Appellant alleged that, as a result of the state convictions being counted against him in his federal sentencing, he faced a sentence under the federal sentencing guidelines of up to 120–150 months of imprisonment, whereas without the convictions being counted, he faced a sentence of only 92–115 months of imprisonment. Essentially, appellant alleged that he faced up to 28 months more imprisonment under the guidelines because his state convictions would be counted in determining his federal sentence. In our view, this is a sufficient allegation to satisfy the significant adverse consequences requirement and, thus, along with other allegations, the petitions state a cause of action.

Our holding, however, is limited to the conclusion that appellant's petitions stated a cause of action. Appellant's conviction and sentence in federal court is a matter of record in that court. The record reveals that appellant was sentenced to 78 months of imprisonment and 3 years of supervised release. The statutory maximum sentence for a conviction of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is imprisonment for not more than 10 years. 18

U.S.C.A. § 924(a)(2) ("Whoever knowingly violates subsection ... (g) ... of Section 922 shall be fined as provided in this title, imprisoned not more than ten years, or both."). Regardless of how the federal court reached its sentence, appellant was sentenced for a period less than the statutory maximum and less than the sentence of 92–115 months that appellant alleged he was facing without considering the convictions in question.

Moreover, it seems unlikely that the federal conviction itself constituted a significant collateral consequence. 18 U.S.C. § 922 states, "(g) [i]t shall be unlawful for any person-(1) *who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;* to ... possess ... any firearm or ammunition." (emphasis added). A significant prerequisite, therefore, for a conviction under this statute is a prior conviction punishable by imprisonment of a year or more. In his brief, appellant argues only that his three convictions will affect the *length* of his federal sentence under the guidelines which, as we indicated, may not be the case. Appellant does not argue, however, that he could not be convicted *at all* under 18 U.S.C. § 922(g)(1) if his three state convictions are vacated. There is no suggestion anywhere in the record or on brief that appellant's three state convictions had anything to do with the fact of his federal conviction, and specifically, no allegation that they satisfied the "felon" portion of the federal crime. It may be that there is another conviction, aside from the three at issue here, which allowed appellant to be convicted under 18 U.S.C. § 922(g)(1).

To repeat, we simply recognize that appellant's petitions stated a cause of action for coram nobis relief. Because we conclude, based on the transcripts of the circuit court proceedings, that appellant's guilty pleas and nolo contendere plea were not entered into knowingly and voluntarily, that appellant did not waive the claims on which he sought coram nobis relief, and that the petitions alleged significant collateral consequences, we shall vacate the orders of dismissal and remand for a determination as to whether coram nobis relief is warranted. The ultimate conclusion will likely turn on whether

the significant collateral consequences requirement was met in light of the conviction and sentence in federal court.

**ORDERS DISMISSING APPELLANT'S PETITIONS FOR WRIT OF ERROR CORAM NOBIS VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**